Ernest Fiedler, Respondent, v. Henry A. Darrin et al., Appellants.

Defendant, M. M. D., was the owner of certain real estate, upon which was a mortgage in process of foreclosure. Under an arrangement with her, W. purchased the mortgage, proceeded to a sale of the premises, became the purchaser, and took title thereto. He conveyed to F., who executed to W. a bond for the amount advanced by W., secured by mortgage upon the premises. F. at the same time executed to M. M. D. a deed subject to the mortgage, with the name of the grantee in blank, with authority to her to fill the blank. W. transferred F.'s bond and mortgage to plaintiff at ten per cent discount, which was paid by defendant, H. A. D., husband of M. M. D. Soon after defendants applied to plaintiff for a loan of $1,500 for four months upon security of the property, and proposed to pay $150 for the use of the money. An arrange-

ment was made by which plaintiff's name was inserted in the deed from F., which deed was acknowledged by F. and delivered to plaintiff, who gave checks to F.'s order, but for defendant's benefit, for the $1,500. At the same time, and as part of the same transaction plaintiff contracted to sell the premises to M. M. D. for $5,650, of which the $1,500 and the premium of $150 formed part, the sale to be consummated four months from date. Defendants remained in possession. Upon the failure of M. M. D. to perform the contract, plaintiff brought this action to recover possession. *Held*, that the transaction was in fact a loan of money, and not a purchase of the premises by plaintiff; that the deed was in effect a mortgage; that the transaction was usurious and the security void.

Although the intent is essential to constitute the offence of usury, the intent must be deduced from, and determined by the facts. The knowingly and voluntarily taking or reserving a greater interest or compensation for a loan than that allowed by law is *per se* usurious. The offence is not condoned by want of intent to violate the statute or by giving to the transaction another name than that of a loan.

Accordingly, *held*, that evidence of plaintiff as to his intent to take more than seven per cent per annum for a loan was properly excluded.

(Argued December 3, 1872; decided December 10, 1872.)

APPEAL from judgment of the General Term of the Supreme Court in the second judicial department, reversing judgment in favor of defendants, entered upon the report of a referee.

The action was brought to recover possession of certain real estate situate in Castleton, Staten Island.

Plaintiff claimed title under a deed from Henry A. D. Freeman. Defendants claimed that the deed was in fact intended as security for a usurious loan. The facts appear sufficiently in the opinion.

The referee found that the deed of Freeman, under which plaintiff claimed, was a security in the nature of a mortgage, and was void for usury, and directed judgment in favor of defendants for costs.

A judgment of dismissal of complaint was entered. The General Term reversed the judgment upon questions both of fact and law, and ordered that Mrs. Darrin, within four months after service of copy of judgment, should perform the contract of sale between her and plaintiff, whereupon plaintiff

should perform upon his part by giving a deed, and in case of failure upon the part of Mrs. Darrin then that plaintiff recover possession.

*Simeon E. Church* for the appellants. The transactions of July, 1866, and June, 1867, were loans, and were clearly usurious. (*Bardwell* v. *Howe*, Clarke, 281; id., 432; id., 540; 7 Wend., 596, 601; 4 Price, 50; 3 J. C., 66; 13 J. R., 40; 4 Pet. U. S. R., 205; *Horn* v. *Keteltas*, 46 N. Y., 605; *Low* v. *Walter*, 2 Doug., 739; *Floyer* v. *Edwards*, Cowp., 114; *Seymour* v. *Strong*, 4 Hill, 255, and cases cited; *Loyd* v. *Scott*, 4 Pet., 205; *East River Bank* v. *Hoyt*, 22 How., 178; 3 R. S., 73, §§ 2, 5; *Robinson* v. *Cropsey*, 6 Paige, 480; *Shylock's Case*, 2 Shak., 174; 2 Com. on Cont., 532; *West-cott* v. *Thompson*, 18 N. Y., 363; 39 Barb., 42.) It is always competent to show by parol that a deed, absolute on its face, was intended as a mortgage. (2 R. S., 656, § 3; *Horn* v. *Keteltas*, 46 N. Y., 606; *Stewart* v. *Service*, 21 Wend., 36; 9 id., 227; 31 N. Y., 399; *Saxon* v. *Hitchcock*, 47 Barb., 220; 2 id., 28; 42 id., 390; *Tibbs* v. *Morris*, 44 Barb., 138; 53 id., 138.)

*Samuel Hand* for the respondent. The transaction was a purchase by plaintiff and a conditional sale by him to Mrs. Darrin. (*Saxon* v. *Hitchcock*, 47 Barb., 220; *Baker* v. *Thrasher*, 4 Den., 493; *Brown* v. *Dewey*, 2 Barb., 28; *Glover* v. *Page*, 19 Wend., 518; *Flagg* v. *Mann*, 14 Pick., 467; *Conway's Ex'rs* v. *Alexander*, 7 Cranch, 218, 236, 237; *Reading* v. *Weston*, 7 Conn., 143; *Robinson* v. *Cropsey*, 2 Edw., 138; *Chauncey* v. *Arnold*, 24 N. Y., 330; *Hibblewhite* v. *McMorine*, 6 M. & W., 200; *Hudson* v. *Revett*, 5 Bing., 372.) No usury was proved or found. (*Billington* v. *Wagoner*, 33 N. Y., 31; *Williams* v. *Tilt*, 36 id., 219, 326; *Chamberlain* v. *Dempsey*, 36 id., 144, 148, 149; *Ohio and Miss. R. R. Co.* v. *Kasson*, 37 id., 218, 224; *Thomas* v. *Murray*, 32 N. Y., 605; *Booth* v. *Sweezy*, 4 Seld., 280; *Pomeroy* v. *Ainsworth*, 22 Barb., 119; *Hall* v. *Daggett*, 6 Cow., 653; *Quackenbush*

v. *Leonard*, 9 Paige, 339.) The referee erred in excluding the evidence as to plaintiff's intent in the transaction. (*Thurston* v. *Cornell*, 38 N. Y., 281, 287; *Cortland County* v. *Herkimer County*, 44 id., 22; *Seymour* v. *Wilson*, 4 Kern., 567.)

ALLEN, J. The court below having reversed the judgment on the report of the referee, and given judgment substantially for the plaintiff upon the facts, as well as the law, the evidence upon which the referee passed, as well as his conclusions of law, and his rulings in the progress of the trial, are before us for review. (Code, § 268.)

The case is before this court as if upon an appeal upon the law and the facts, directly from the judgment of the referee. The Code declares the question in this court to be " whether the judgment should have been reversed, either upon questions of fact or of law." (Id.) There is but little conflict of evidence; none in respect of the principal facts upon which the judgment of the referee was based. In all the findings of fact by the referee, he was abundantly sustained by the evidence. The undisputed evidence is that, prior to June, 1866, Mrs. Darrin was the owner in fee, and the defendants were in the actual possession of, and lived upon the premises in dispute. They were subject to a mortgage by a prior owner of $800, and another for over $2,000, given by her to secure a part of the purchase-money. An action had been brought to foreclose the latter mortgage, and she was in a strait for money to discharge the encumbrance and save the property, which was of greater value than the encumbrances.

By an arrangement Wagner, the attorney and friend of Mrs. Darrin, purchased the mortgage in process of foreclosure, and proceeded to a sale of the premises, and became the purchaser, taking title by deed from the sheriff, by whom the sale was made. He then conveyed the premises to Freeman, a relative and inmate of Darrin's family, subject to the smaller mortgage and the mortgage executed simultaneously with his conveyance by Freeman to Wagner for the

amount due him, over $3,000; and, at the same time, executed, acknowledged and delivered to or for Mrs. Darrin a deed of the same premises, subject to the two mortgages, but with the name of the grantee in blank; Mrs. Darrin having authority to fill the blank with her own name or that of any other person. Mrs. Darrin was, during all the time, except the brief period that the title was in Wagner, the equitable owner of the premises. Freeman took title as trustee, in fact, and merely for the purpose of passing it to Mrs. Darrin. Mrs. Darrin's rights were at all times fully recognized and acknowledged by all the parties. Soon thereafter Wagner transferred the Freeman bond and mortgage to the plaintiff at a discount of ten per cent, which was paid him by Darrin.

This transaction was concluded in October, 1866; and in June, 1867, Darrin and his wife were again in want of money and applied to the plaintiff for a loan of $1,500, for four months, upon the security of this property, and proposed to pay $150 for the use of the money for that time; and after some negotiation, and some difficulty as to the mode of consummating the transaction, an arrangement was made, by which the plaintiff's name was inserted as grantee in the Freeman deed held by Mrs. Darrin, and the deed reacknowledged by Freeman and delivered to the plaintiff, who gave his check to Freeman's order for $1,500, but for Darrin and Mrs. Darrin; and the plaintiff, at the same time and as a part of the same transaction, entered into an agreement by which the plaintiff agreed to sell, and Mrs. Darrin agreed to purchase, the premises for $5,650; of which $1,650 (that is, the $1,500 then advanced by the plaintiff, and the premium of $150) was to be paid on the 24th of October then next, which was precisely four months from the date of the contract, and the expiration of the term of credit asked for on the application for the loan. Upon the payment of the $1,650 the premises were to be conveyed, subject to the $800 mortgage, and a new mortgage taken for the balance of the purchasemoney, which was the amount of the Wagner mortgage then

held by the plaintiff. From the evidence of the plaintiff and his attorney, there is no doubt that both well knew that Mrs. Darrin was the owner in fact of the property at the time of the last transactions, and all the negotiations with Mrs. Darrin were upon the basis of such ownership; and whether the legal title was in her or not is not material. She had exercised the right of control as the owner, and the plaintiff, by the negotiations and dealings with her, through her husband, had the benefit of her title, and took a conveyance in fact, if not in form, from her. He took title from her as purchaser in form, although the conveyance was from her trustee. The agreement between himself and Mrs. Darrin secured to him the repayment of the money advanced, with the usurious interest agreed upon. The evidence is, and so the referee finds, that the deed to the plaintiff, and the agreement to reconvey, were executed and delivered at the same time, and as of one and the same transaction. That a deed, absolute on its face, can be shown by extrinsic evidence to have been intended as a mortgage is well settled. (*Horn* v. *Keteltas*, 46 N. Y., 605.)

The application here was for a loan, and all the negotiations were in respect to the form of the security upon the premises in question; and there was no treaty for a purchase by the plaintiff, and no pretence that the defendants would have sold the premises for the sum actually advanced by the plaintiff, or for twice that amount. The time of repayment was the day fixed by the borrower on the first application; and the amount to be repaid, the principal sum advanced, and the ten per cent proposed to be paid, and which the plaintiff was so willing to receive. The plaintiff treated this deed and agreement of sale as a mortgage, by retaining his mortgage, and claiming the interest thereon, and by subsequently purchasing and seeking to foreclose the $800 mortgage.

When he was driving his unconscionable bargain for the loan of $1,500, he insisted upon the defendants paying in advance the interest on the mortgage then held by him. No one can fail to see that this was in fact a loan of money upon

the security of, and not a purchase, of the property by the plaintiff. It follows that the transaction was usurious, and the security void. The effect of the transaction was to secure the plaintiff more than seven per cent per annum for the loan. The agreement was vicious because of the usurious effect, by which the intent of the parties must be judged. (*Seymour* v. *Strong*, 4 Hill, 255; *Lloyd* v. *Scott*, 4 Peters, 205.) It is true the intent is essential to constitute the offence of usury; but the intent must be deduced from and determined by the acts. The intent which enters into and is essential to constitute usury is simply the intent to take or reserve more than seven per cent per annum for the loan or forbearance of money. There are cases in which an act is lawful or unlawful, depending upon the particular intent of the actor. In such cases, it is competent to prove the motive and intent of the party. (*Seymour* v. *Wilson*, 4 Kern., 567.) The intent in such case is a material fact in issue. (*Cortland County* v. *Herkimer County*, 44 N. Y., 22.) So when an act is equivocal in its character, the intent must be ascertained in order to give it its proper effect, and assign it its proper place in the transaction. (*Thurston* v. *Cornell*, 38 N. Y., 281.) But when an act is illegal the intent of the offender is immaterial. It will not avail one, who deliberately fires his neighbor's house, to swear that he did not intend to commit arson; and one who deliberately and intentionally secures to himself $1,650 at the end of four months, in return for a present advance of $1,500, cannot avoid the consequences of the act by testifying that he did not intend to take usury; that is, that he intended to give the transaction a different name from that which the law gives it, and call that a purchase and sale which the law calls a loan of money, secured by mortgage. The voluntary taking or reservation of a greater interest or compensation for the loan or forbearance of money than that allowed by law is, *per se*, usurious; but if it is taken by mistake or accident, it is not usury.

If the party intends to take and receive the amount paid, the law condemns the act, if it is within the condemnation of

the laws against usury. This was determined in *Bank of Utica* v. *Wagar*, 7 Cow., 712, affirmed on error in 8 id., 398. The offence is not condoned by the want of an intent to violate the statute, or by an attempt to evade the statute by a resort to any of the devices of which usurers have in all ages been so prolific, and which have always proved so abortive of the hoped for results. The question, therefore, to the plaintiff, as to his intent to take more than seven per cent per annum for the loan or forbearance of money, was properly excluded. An answer either way could not have changed the facts; and upon them, as confessed by the plaintiff, the law pronounces the transaction usurious. The plaintiff doubtless hoped and intended to cover up his tracks, to conceal his loan and the reservation of usurious interest, under the weak guise of a purchase and resale, and could well have sworn that he did not intend to bring himself within the condemnation of the law. But he did in fact loan his money at an illegal rate of interest, and has failed in his attempt to evade the consequences. He was but a mortgagee; and whether his mortgage was usurious or not, he was not entitled to an action of ejectment. (2 R. S., 312, § 57; *Murray* v. *Walker*, 31 N. Y., 399.)

The objections to evidence by the plaintiff were properly overruled. All the papers which were put in evidence, and all the negotiations, constituted parts of the *res gestæ*, and were competent to give character to the consummated transaction, and as tending to show the nature and object of the treaty in progress between the parties, and that it was for a loan, and that the sole object of the forms and modes adopted in preference to those rejected, was to avoid and evade the statute of usury. They were also competent to prove knowledge by the plaintiff of the rights and interests of Mrs. Darrin in the premises, and that she, through her hus-

band, was negotiating as the owner, notwithstanding the formal and legal title was in a third person.

The judgment of the General Term must be reversed, and that of the referee affirmed.

All concur.

Judgment accordingly.