RUTHERFORD, appellant, v. AIKEN.

*Evidence — former adjudication — waste — growing timber — intent.*

In an action by the owner of the fee of a farm, against the lessee of the tenant for life for waste, a judgment in a former action for waste upon the same premises, between the same parties, but not for the acts alleged in the action at bar, was offered in evidence. The question at issue was whether the acts complained of in the action at bar were waste. *Held*, that the judgment was inadmissible.

The alleged waste consisted in cutting growing timber for fuel. At the trial the court charged that if the trees which were down were unfit for fuel, or would cost more than their value to secure them, the defendant was not bound to take them. *Held*, correct. The tenant for life of farming land is entitled to cut down and use so much of the standing timber therein as may be necessary for fuel, etc., and is not compelled to cut timber which may cost more than its value to secure.

The complaint alleged that the defendant maliciously cut the timber, and the plaintiff sought a forfeiture and eviction. *Held*, that defendant was entitled to testify that he cut the wood in good faith, believing he had a right to do so.

APPEAL from a judgment in favor of defendant, in an action for waste, entered upon the verdict of a jury, and from an order denying a new trial. The facts appear in the opinion.

*Edw. C. James,* for appellant.

*Magone & Holbrook,* for respondent.

Per CURIAM. This action is for waste in cutting trees for fuel. The plaintiff is owner in fee of the premises, a farm, subject to a life estate in Jane O'Neil. Defendant is O'Neil's tenant, for years, of the farm. Defendant in his answer denies the waste.

The case was tried at the St. Lawrence circuit, and resulted in a verdict for the defendant. Plaintiff moved for a new trial on the minutes, which was denied. He now appeals from the judgment entered upon the verdict, and from the order denying a new trial.

On the trial the plaintiff offered in evidence the record of a former judgment obtained by him against the defendant, in an action for waste, committed by defendant upon the same premises. The same relations were then existing between the parties in respect to the

right to and occupation of the premises, as at the commencement of this suit. The evidence was excluded, and plaintiff excepted.

The defendant, while a witness on the stand, was asked by his counsel to state whether he acted in good faith in cutting the wood, believing he had a right to it. This was objected to, but admitted, and plaintiff excepted.

Defendant's counsel requested the court to charge the jury that " a tenant for life has a free-hold, and his rights differ from a tenant for years as nature may supply the defect." To this the court said, " of course there is a technical difference, and I make the correction in accordance with the request," and the plaintiff excepted.

Defendant's counsel also requested the court to charge the jury that if they should find that the decaying pines, hemlock and other down trees were unfit for fuel, or would cost more than their value to secure them, the defendant was not bound to get those trees.

The court so charged, and remarked, "I will put the question to them whether they were such as the defendant, as a farmer, ought to use." The plaintiff excepted to such charge and remark.

The former judgment was properly excluded. No question at issue would have been proven by it. There is no identity in the questions at issue in the two actions, and it is only of such questions that a former adjudication is evidence. The question in this suit was, whether the cutting of the trees alleged and proved in this suit to have been cut, was waste? That question was not in the former suit. No issue was made in respect to the title to the property. Whether the acts complained of were, or were not, waste, was the sole question.

In regard to proof of good faith, in the cutting of the wood by defendant, as made by defendant's testimony, there was no error. It did not lie with the plaintiff to object to proof of any fact by the defendant, controverting a fact alleged in his complaint. In the complaint it is alleged that the defendant maliciously cut the wood in question. He is not aggrieved by a denial of that allegation in the proof. Besides, the evidence was competent under section 452 of the Code.

The plaintiff seeks a forfeiture and eviction, which he is entitled to only in case the waste was done in malice. The plaintiff has the reversion contemplated by the section, and the motive or intent was a competent subject of proof by the defendant. It was a fact properly proved by the testimony of the defendant himself. When an act is

illegal, the intent of the offender is immaterial, as in the case of usury it is immaterial whether the offender intended to violate the statute against usury or not, if he knowingly took more than seven per cent for the loan of money it is usury, *per se*. So, in some cases, acts are *per se* fraudulent, independently of any fraudulent intent. But in cases where the character of the act depends on intent, proof of intent is admissible. *Foster* v. *Janin*, 50 N. Y. 437.

The exception taken to the answer to the request to charge that the rights of a tenant for life, and a tenant for years, differ, was not well taken. It is apparent that all the court intended to say was, that there was a technical difference, and such is the fair construction to be placed upon the language employed. If it had been otherwise, the response would have been without any qualification or limitation; as it was, the latter portion of the request, which was a reason stated by counsel, for the rule, must be considered as not comprehended in the answer of the judge.

There was no error in the answer of the judge to the request to charge as to the decaying timber, and down trees, unfit for fuel, or which would cost more than their value to secure. The judge did not charge specifically, as requested, but with a qualification that the jury were to determine whether they were such as the defendant, as a farmer, ought to use.

It is manifest that the defendant was not bound to take the trees which were unfit for fuel, and it appears to be equally clear that he was under no obligation to procure such as would cost more than their value to secure. The defendant was lawfully in the possession of the land, with all the rights and privileges of a tenant for life. It cannot be denied but that a tenant for life, of farming land, is entitled to cut down and use so much of the standing timber on the farm, as may be necessary for fuel, etc. *Van Dusen* v. *Young*, 29 N. Y. 30. And if he is compelled to cut timber which it would cost more than its value to secure, instead of cutting such as is otherwise at hand, he would be deprived of a portion of his rights. The law does not demand such an unreasonable exercise of his privileges, or impose so harsh a rule — and while it prohibits waste, it also permits a reasonable enjoyment of the rights which are conferred by the grant. The judge had already substantially charged that if there was down wood, or standing dry wood on the farm, and the defendant had seen fit to omit obtaining that for fire, and

cut growing timber, that it would be waste, and he would not have been justified in holding that the defendant was bound to cut decayed and down trees at an expense exceeding their value.

There was sufficient evidence to sustain the verdict, and no such preponderance in favor of the plaintiff as to authorize a new trial on that ground.

A new trial must be denied, and the judgment and order affirmed with costs.

*Judgment affirmed.*