LAWYER v. LOOMIS, appellant.

*Malicious prosecution — when it lies — probable cause — malice — Evidence.*

3 T.&C.393
60  476

An action for malicious prosecution will not lie for merely suing out a warrant for the arrest of plaintiff without service of it; and evidence that the defendant directed the officer who held the warrant to serve it, is admissible.

A, while attending a fair, left his buggy near the fair grounds, and upon searching for it could not find it, and was told by persons on the ground, that B had hitched his horse to it and driven off, and that B was a hard case. A afterward made numerous inquiries for the buggy, but could hear nothing from it, and was then advised by counsel that the act of B was larceny, and he should procure a warrant for B's arrest. The warrant was obtained and placed in the hands of a constable. A was afterward told that B denied having taken the buggy, and claimed that it was taken by a servant of his (B's) brother. A afterward found his buggy on the fair ground. In an action by B against A for malicious prosecution, the evidence tended to show, that more than a month after the warrant was issued, A called on the constable, and finding the warrant had not been served, insisted on its being served, and B was accordingly arrested. But A denied that he insisted on the arrest. *Held*, that the question of probable cause was properly submitted to the jury.

In an action for malicious prosecution, malice is inferable from a want of probable cause, and, therefore, it is inadmissible on the trial to ask the defendant whether, in procuring a warrant for the plaintiff's arrest, he acted without malice. Malice can only be rebutted by facts which show or tend to show probable cause.

APPEAL from a judgment at circuit in favor of plaintiff. The action was brought by Luther Lawyer against Joshua S. Loomis.

In September, 1870, the defendant attended the agricultural fair at Watertown, in the county of Jefferson, having with him a horse for exhibition at said fair, and a skeleton buggy in which he rode. The horse was unhitched from the buggy, and it was left near the stable on said fair ground. In the afternoon of the second day of the fair, the 8th of September, the defendant missed his buggy, and after making search for it on the grounds and not finding it, he inquired of persons on the grounds whether they had seen it, and he was told that a man by the name of Lawyer had hitched his horse to it and driven it off the grounds, and that Lawyer was a hard case, or something to that effect. From the information so received by him he came to the conclusion and believed that the plaintiff was the man who had taken the buggy. He then went into the city and inquired

at the hotels for the buggy and for the plaintiff, and could get no information of either. He then called on counsel, stated to them the loss of the buggy and the information received, and asked for advice as to how he should proceed· to recover it, and was advised that the taking was larceny, and that he should go to a justice of the peace and take out a warrant for the arrest of the plaintiff for the felonious taking and also a search warrant to obtain possession of it. He believed the advice so given and acted upon it in good faith. He had never seen plaintiff before that time, and was not actuated by malice in proceeding against him. He returned home in the evening of the 8th September, and the next morning went to a justice's office and procured a warrant for the arrest of the plaintiff, and also a search warrant, and delivered the same to a constable to be served.

Defendant returned to Watertown the same day and was told that plaintiff denied having taken the buggy, and he claimed it was taken by a colored servant of his (plaintiff's) brother. In the afternoon of the same day defendant found his buggy on the fair ground.

It appeared in evidence that, on the 12th of October, 1870, more than a month after the warrants were delivered to the officer, the defendant called on the constable holding them and upon the justice who issued them, and inquired whether the warrant for the plaintiff's arrest had been served, and was told that it · had not, and that it ought not to be served. He insisted that it must be served, and that the constable should proceed and arrest the plaintiff and notify him when to appear before the justice. The constable arrested the plaintiff the same day and notified defendant to appear before the justice to attend the hearing of said matter. The defendant told the constable that he would attend before the justice in a short time, but failing to appear at such time the justice discharged the plaintiff. In a short time afterward the plaintiff appeared. The defendant denied having directed the arrest on the 12th October, or that he complained to the justice and constable of the neglect of duty in making the arrest as those officers testified he did. Witnesses were called to impeach the character of the defendant, and others were called to sustain him.

The defendant's counsel objected to the admission in evidence of the conversation between the defendant and the justice and constable on the 12th October, when defendant directed the arrest; the objection was overruled and defendant's counsel excepted.

Defendant's counsel moved for a nonsuit on the ground that plaintiff had failed to show want of probable cause for the institution of these proceedings against plaintiff.

The court denied the motion, holding that it was, under the circumstances of the case, a question for the jury, and he should submit it to them, and to this ruling the defendant's counsel excepted. The court instructed the jury that if they found that the prosecution was malicious they might award exemplary damages to the plaintiff, and to this instruction defendant's counsel excepted. The jury found a verdict for plaintiff for $75, for which sum with costs a judgment against the defendant was entered, and from it the defendant appeals.

*Hammond & Whiting,* for appellant.

*C. H. Walts* and *F. W. Hubbard,* for respondent.

MULLIN, P. J. If the defendant had done nothing toward procuring the arrest of the plaintiff, after the delivery of the warrants to the constable, on the 9th of September, it would have been the duty of the judge at the circuit to have nonsuited the plaintiff, as there was sufficient evidence of probable cause to justify him in instituting the prosecution for the larceny of the buggy. He did not stop at that stage of the proceeding, but more than a month afterward and after he had learned not only that the plaintiff did not take the buggy but another person did take it, and after he had got it back into his possession he insisted upon the arrest of the plaintiff, and it was made accordingly.

The evidence of the conversation between defendant and the justice and constable, at the time the order to arrest was given, was objected to as incompetent, because it was after the warrant was issued and delivered to the constable to be served. If an action for malicious prosecution lay for procuring a warrant for the arrest of a person without service of it, the objection would be available, but until the arrest of the party the proceeding is not begun, and the requirement that the prosecution must be terminated by the discharge of the party proceeded against before an action for malicious prosecution can be commenced, proves quite conclusively that merely suing out the warrant, without service, is not enough to subject the prosecutor to liability.

On the 12th of October there was a total want of probable cause for the arrest, and the learned judge was right in receiving the evidence. He did not receive it, however, as bearing on the question of probable cause, but upon the question of malice, and consequently upon the question of damages. This error, if it was one, did not prejudice the defendant, but was calculated to injure the plaintiff. The learned judge was right in refusing to nonsuit the plaintiff because he had failed to prove a want of probable cause.

The defendant was the principal if not the only witness who testified to the matters relied on to establish probable cause, and as evidence was given tending to show him unworthy of credit, it was for the jury to say whether any statement made by him on that subject was to be believed. If none was believed, the defense in that respect wholly failed. It was the duty, therefore, of the court to submit the whole case to the jury.

Whether there was malice was a question for the jury. And if I am right in supposing that the acts and declarations of the defendant on the 12th October were properly received in evidence, malice was established, and if there was no probable cause, malice is inferable from the want of it.

The defendant's counsel proposed to ask the defendant whether in procuring the warrant he acted without malice. The question was objected to by plaintiff's counsel, and rejected, and defendant's counsel excepted. It was for the jury to say whether the defendant acted maliciously, and to allow the question would be substituting the witness in place of the jury to determine one of the most important questions in the cause. When the intent with which an act is done forms an essential element of it, the actor may, as a general rule, be asked whether he did the act with such intent. Doing an act maliciously is equivalent to doing it with a malicious intent. If this is a case in which the defendant was entitled to deny the intent, the evidence offered should have been received.

Proof of malice, however intense it may be, will not dispense with proof of the absence of probable cause. But malice may be inferred from the absence of probable cause. When, therefore, the jury find the absence of probable cause, malice or a malicious intent is established ; proof of want of malice is, therefore, immaterial in a case where want of probable cause is found. There cannot be a total absence of malice in a case in which want of probable cause is established. It is not necessary to consider whether the evidence of the

absence of malice would be admissible when the plaintiff gave evidence tending to prove express malice. Malice can only be rebutted by facts which show, or tend to show, probable cause.

In *Fiedler* v. *Darrien*, 50 N. Y. 437, the defendant resisted a recovery in ejectment, on the ground that the deed under which plaintiff claimed was a mortgage, and that it was void for usury On the trial the plaintiff's counsel offered to ask the plaintiff whether he intended to take usury. I infer from the case that the evidence was excluded on the trial, and the court of appeals held that it was excluded properly. Taking more than seven per cent constituted usury, and the law inferred the intent from the terms of the contract, and an intent not to violate the statute could not be otherwise proved. I cannot discover any distinction in principle between that case and this. Malice is inferred from want of probable cause, the want of probable cause must be established by the facts surrounding the transaction. A case of want of probable cause, without malice, would be *felo de se*. The thing is impossible.

The judgment must be affirmed.

*Judgment affirmed.*