EDER V. HAUGHWOUT et al., Respondents, *v.* CORNELIUS K. · GARRISON et al., Appellants.

Where the defence of usury is interposed, the affirmative of the issue is upon the defendant, and where the case is tried by a referee and the transaction is equivocal, defendant must give evidence of facts showing the alleged illegal intent, and have the fact found by the referee ; it cannot be adjudged in the first instance by this court on appeal.

In an action upon guaranties of certain bonds, where the defence was usury, the referee found in substance that plaintiffs having commenced legal proceedings against defendant S., and caused his property to be

attached, S. agreed to settle by paying his indebtedness and the costs and expenses of the proceedings; that plaintiffs presented their account, in which they charged $500 counsel fees, claimed to have been paid or incurred in the proceedings, and refused to release the attachment unless it was paid; that S. thereupon allowed the same, and the bonds in question, with guaranties, were given on the settlement. There was no finding or request to find that the $500 was paid as a consideration for forbearance and that it was plaintiffs' intent to exact usurious interest. *Held,* that the question of usury could not be raised upon the record.

(Argued April 9, 1877; decided April 17, 1877.)

APPEAL from judgment of the General Term of the Superior Court of the city of New York, affirming a judgment in favor of plaintiff entered upon a verdict.

This action was upon guaranties of payment executed by defendants, indorsed upon two bonds of $1,000 each, executed by defendant Smith.

The referee found in substance, among other things, the following facts:

In 1870, defendant Smith being indebted to the firm of E. V. Haughwout & Co., and having failed to pay said indebtedness, said E. V. Haughwout & Co. instituted legal proceedings against Smith in a court of Vermont, and in such proceedings caused to be attached certain property of said Smith in said State. In June 1870, said proceedings being still pending, an agreement was made by and between said Smith, and said E. V. Haughwout & Co. to settle said proceedings, Smith to pay the indebtedness, and all costs and expenses connected therewith, by giving two bonds for $1,000 each, guaranteed by the defendant, Garrison; the balance to be paid in cash. In pursuance of said agreement, said E. V. Haughwout & Co. made up and rendered to Smith, a statement showing their claim, in which was included, besides the amount of their claim and interest, the costs and disbursements, and also the sum of $500 for counsel fees, which they claimed to have paid, or to be liable for in connection with said proceedings. Defendant Smith objected to said item; but Haughwout & Co. refused to

release unless it was allowed and paid, whereupon it was allowed, and Smith delivered the two bonds in suit, and paid the balance shown upon said statement in cash, and said E. V. Haughwout & Co., in consideration thereof abandoned their proceedings, and caused the property of said Smith to be released from attachment.

*Samuel Hand,* for the appellants. The exaction of the $500 counsel fee on the release of the attachment was usurious. (*Condit* v. *Baldwin,* 21 N. Y., 228; *Bell* v. *Day,* 32 id., 165, 182; *Williams* v. *Hance,* 7 Paige, 581; 4 Sandf. Ch., 30; *O. L. & Co.'s Bank* v. *Walbridge,* 19 N. Y., 142; *Price* v. *Lyons Bk.,* 33 id., 55; *Macomber* v. *Denham,* 8 Wend., 550; *Hammond* v. *Hopping,* 13 Wend., 505; *Bk. of Utica* v. *Wager,* 2 Cow., 712; 8 id., 398; *N. Y. Firem. Ins. Co.* v. *Ely,* 2 id., 678; *Meagoe* v. *Simmons,* 1 M. & M., 121; *Jacks* v. *Nichols,* 3 Sandf. Ch., 318; 5 N. Y., 178; *E. R. Bk.* v. *Hoyt,* 32 id., 119; *Condit* v. *Day,* id., 165; *Alger* v. *Gardner,* 54 id., 360; *Fiedler* v. *Darrin,* 50 id., 437; *Birdsall* v. *Patterson,* id., 43, 49; Tyler on Usury, 71; *Toole* v. *Stephen,* 4 Leigh, 58; *Cope* v. *Wheeler,* 41 N. Y., 303; *Catlin* v. *Gunther,* 11 id., 368, 375; *Lomer* v. *Meeker,* 25 id., 361.) The referee having found facts unsupported by evidence and having refused to find, a fact which the uncontradicted evidence established; a simple question of law is raised. (*Miller* v. *Schuyler,* 20 N. Y., 522–544; *Fiedler* v. *Darrin,* 50 id., 437, 443; *Loomis* v. *Meeker,* 25 N. Y., 36; *Fellows* v. *Northrup,* 39 id., 117; *Mason* v. *Lord,* 40 id., 477; *Putnam* v. *Hubbell,* 42 id., 112; *Meyer* v. *Amidon,* 45 id., 169; *Beck* v. *Sheldon,* 48 id., 365; *Meacham* v. *Burke,* 54 id., 217; *Lamb* v. *Kelsey,* id., 645; *Smith* v. *Glens Ins. Co.,* 62 id., 85, 87; *Williams* v. *Hance,* 7 Paige, 581; *Toole* v. *Stephen,* 4 Leigh, 58.)

*Herman Kobbe,* for the respondents. The agreement to pay counsel fees on the release of the attachment was not usurious. *Harger* v. *McCulloch,* 2 Den., 119; *Lynde* v. *Statts,*

1 N. Y. L. Obs., 89; *Thurston* v. *Cornell*, 38 N. Y., 281; *Brooks* v. *Avery*, 4 id., 226.) The *onus probandi* was on defendants to establish usury taken with corrupt intent to avoid the statute. (Comyn on Usury, 206; 12 Mod., 517; *Lowry* v. *Chaut. Co. Bank*, Clarke, 67; *DeMott* v. *Benson*, 4 Edw., 297.) The referee having found as matter of fact that there was no usury, this court will not review the finding. (*Cady* v. *Allen*, 18 N. Y., 573; *Lockwood* v. *Thorne*, 11 id., 170.)

ALLEN, J. The referee has not found, and was not requested to find that the $500 paid at the time of the settlement of the plaintiffs' claim against the defendant Smith, and the withdrawal of the attachment from his property, and the discontinuance of the legal proceedings for the collection of the demand, was paid or received as a consideration for the forbearance, and giving day of payment for that portion of the debt represented by the bonds in suit, or that it was the intent of the plaintiffs to exact and receive usurious interest. The $500 was asked and received as a part of the expenses incurred by the creditors in the prosecution of their action, and the attachment proceedings in Vermont. They had a right to demand indemnity for the expenses incurred by them upon a discontinuance of these proceedings at the request of the debtor, and if the sum demanded was but an indemnity for those expenses, there was no usury. (*Thurston* v. *Cornell*, 38 N. Y., 281; *Harger* v. *McCullough*, 2 Den., 119; *Brooks* v. *Avery*, 4 Comst., 226.) If the amount claimed and paid was not a part of such expenditures, but was demanded as a cover and device to secure a greater interest than that allowed by law, or a compensation for giving day of payment in excess of the lawful rate of interest, the fact should have been proved, and found by the referee. The affirmative of the issue upon the alleged usury was with the defence, and if the transaction was equivocal, the defendant should have given evidence of facts to show the alleged illegal intent, and had the fact

found by the referee.   In *Fiedler* v. *Darrin* (50 N. Y., 437), the usurious intent was found by the referee upon sufficient evidence.   Whether the payment of more than the legal rate of interest is usury, depends on the particular facts, and the intention of the parties, and these are, in equivocal or doubtful cases, questions for the trial court, and cannot be adjudged in the first instance by this court.   There is no evidence to show that the demand was illegal or unreasonable, or that there was an intent under the guise of indemnity for legal expenses to evade the statute of usury, and there is no request to the referee to find the fact, or any finding of fact by him upon which the question of usury can be raised upon this record.

The judgment must be affirmed.

All concur.

Judgment affirmed.