——— Schneider, Plaintiff, *v.* ——— Brenner and Another, Defendants.

Supreme Court, New York County, May, 1929.

*Brown & Markowitz* [*M. M. Brown* of counsel], for the plaintiff.

*Nathan D. Stern*, for the defendants.

COTILLO, J. The plaintiff seeks in this action to set aside, cancel and declare fraudulent and void two deeds of conveyance to premises No. 338 East Fifty-sixth street in the borough of Manhattan, city of New York, which premises he claims were bought by himself and the defendant Brenner as copartners. He further seeks the dissolution, accounting and winding up of the partnership between himself and the defendant Brenner.

The theory of the complaint as indicated by the pleadings and by the testimony adduced on the trial on behalf of the plaintiff is that the plaintiff and the defendant Brenner took title to 338 East Fifty-sixth street as partners and that Brenner induced the plaintiff to join in the sale of the property to the defendant Sommer by verbal attacks and importunities which the plaintiff was unable to resist because of the condition of his health, and that although the defendant Brenner had urged that he wanted to get rid of the property, yet he, on the very same day that the plaintiff and defendant transferred their property to the defendant Sommer, received back from the defendant Sommer, unknown to plaintiff, a deed to the property, both deeds being recorded simultaneously. The defendant denied the partnership and claimed that they were tenants in common. The defendant conceded that in the transaction wherein the plaintiff and defendant Brenner conveyed the property to the defendant Sommer, who thereafter conveyed it to the defendant Brenner, the said defendant Sommer was acting at all times for and on behalf of the defendant Brenner.

While a joint purchase of land does not make the owners partners (Partnership Law, § 11, subd. 2; Real Prop. Law, § 66, and *Albert* v. *Schrank*, 203 App. Div. 149), nevertheless it is well-settled law that a partnership may be created by an agreement relating to a single transaction in the sale or purchase of land; and it has been repeatedly held that a partnership for dealing in land is created where the lands were bought jointly for speculation, each party to share equally in the profits. A partnership always implies a joint share in the profits and losses of the undertaking. While

the plaintiff's proof of the partnership between himself and the defendant Brenner was strenuously denied by the defendant Brenner, nevertheless the documentary proof in this case is sufficient to sustain the plaintiff's claim; and I think that the plaintiff has sustained the burden of proof, showing that the premises were taken by himself and Brenner as partners. The submission by the defendant Brenner of the application to the New York Edison Company, in which he signed the name of "Brenner and Schneider by A. Brenner copartner," in my mind is sufficient, together with the testimony of his being introduced as a partner, to prove conclusively that the property at 338 East Fifty-sixth street was bought by Schneider and Brenner as a partnership, and that each expected to hold the land as partners and to divide the profits and losses, if any. Therefore, the parties owe to one another, while the enterprise continues, the duty of the highest loyalty; and the very fact that one partner conceals his true intent and interest from the other in the disposition of the partnership property indicates a purpose to gain some advantage at the other's expense or a belief that disclosure would influence the other in deciding whether or not and upon what terms the property should be sold. Good faith requires that neither shall make a secret profit out of the undertaking. The partners owe to each other the most scrupulous good faith; each one has the right to know all that the other knew and their connection is one of great confidence; and the *uberrima fides* of a fiduciary relation will be the standard of fidelity exacted from partners in real estate as well as in other partnership ventures. (*Seligson* v. *Weiss*, 222 App. Div. 634.) Defendant relied upon the case of *Klein* v. *Waltman* (188 N. Y. Supp. 331). This case was decided at Special Term, Kings county. The facts in that case differ from the one at bar inasmuch as the parties in that case derived their respective titles through different instruments and at different times.

The defendants' brief quotes the greater part of the opinion, but omits the very important statement of facts, which shows that the parties *derived their respective titles through different instruments and at different times*, and the case, therefore, differs from the case at bar *in the very matter which is the test of fiduciary relationships between cotenants;* for in that case plaintiff and the *husband of the defendant* took title to the real property in question and the defendant acquired her title to a one-half interest by devise upon her husband's death.

Another distinction is that the defendant in the *Klein* case did not join in the deed, which was merely a conveyance of the plaintiff's one-half interest, and, therefore, the plaintiff was not

led to rely upon his cotenant's disposing of her one-half interest. In the instant case, however, the defendant did join in the deed with the plaintiff and in fact seemed to act in every respect as a *bona fide* seller of his share.

It is not necessary to go so far as Freeman in his work on Cotenancy and Partitions, to hold, as he does (§§ 150 and 151), that the cotenancy relation is always one of mutual trust. However, the concurring opinion of Judge GAYNOR in *Dolan* v. *Cummings* (116 App. Div. 787; affd., 193 N. Y. 638), in which he reviews the conflict of authority on the subject, lends considerable support to this view.

The instant controversy presents an even stronger example of overreaching by the defendant than the *Dolan* case. Considering further that the affirmative proof by plaintiff that defendant *ante litem motam* admitted the existence of a partnership, has only been partly explained away, I find that there has been a breach of a fiduciary duty by defendant, which entitles plaintiff to judgment.

Submit findings and judgment on notice.