THE PEOPLE OF THE STATE OF NEW YORK, on the Information of JOSEPH SHAFFER, Plaintiff, *v.* JOSEPH CURIALE, Defendant.

City Magistrates' Court of New York, Borough of Queens, Second District, Sitting as a Court of Special Sessions, May 11, 1939.

*John J. Bennett, Jr.* [*Joseph A. McLaughlin* and *Sol I. Smithline, Assistant Attorneys-General,* of counsel], for the People of the State of New York.

*Anton Korwan,* for the defendant.

HOCKERT, C. M. The defendant is charged with a violation of section 563 of article 19 of the Labor Law, which provides employers must keep true and accurate records of hours worked and wages

paid to employees. This law is entitled "Minimum fair wages for women and minors," and the purpose was to establish fair wage rates. The act under review was written into the law in order that the Industrial Commission might determine conditions in establishments employing women and minors.

The defendant claims that he took all employees of each store into separate partnerships with him and prepared partnership agreements, which were admitted in evidence. In each case the percentage of holdings of each employee and the defendant were set forth; the defendant in one case held a fifty-two per cent interest and in the other a fifty-eight per cent, and the employees had equal percentages between them. The defendant could not explain as to how he arrived at the percentages and admitted employees contributed nothing to the partnership. The agreements provided all fixtures and good will continued to be the property of the defendant and he admitted on the witness stand that the employees, after the signing of this so-called partnership agreement, were receiving exactly the same amounts weekly as before, and defendant further admitted they would share profits but not losses. "Partnership always implies a joint share in the profits and losses." (*Schneider* v. *Brenner*, 134 Misc. 449.) A short time after the agreement went into effect, one of the employees in the so-called partnership resigned. A new, similar, agreement was prepared and signed.

This must be labeled for what it is — purely a bold attempt to violate a humane law drawn to protect our women in industry. Neither the written agreement nor the actual working conditions could spell out a partnership and this is clearly an attempt to violate the minimum wage law, also the law requiring workman's compensation insurance. True partnership between an owner and employees calls for mutual responsibility as well as division of profits and losses. (*Martin* v. *Peyton*, 246 N. Y. 213.) In a partnership the relation of employer and employee ceases and all members become joint adventurers in business, but not here, for in this case the defendant continued to be the boss and the employees continued to work on the same basis for the same salaries. The only difference was, they no longer were given the protection they were legally entitled to.

The defendant by the preparation of these so-called partnership agreements was in effect making a mockery of the minimum wage law and it is the barest sort of subterfuge.

The defendant is found guilty as charged in each case.