■ In the Matter of SARAH LAWRENCE COLLEGE, Respondent, v CITY COUNCIL OF THE CITY OF YONKERS, Appellant. HOWARD E. HASSLER et al., Intervenors-Appellants.—In a proceeding pursuant to CPLR article 78 to compel the City Council of the City of Yonkers to rescind a certain resolution it had adopted and to approve a certain special exception use permit that had been granted by the Zoning Board of Appeals of the City of Yonkers, the city council and the proposed intervenors appeal from a judgment of the Supreme Court, Westchester County, dated August 8, 1974, which annulled said resolution of the city council and directed the city council to approve the permit. The opinion recites that a motion by the city council to amend its answer and a motion by the proposed intervenors for leave to intervene are denied, but the judgment does not contain a determination of these motions. Judgment modified by adding thereto a provision that the motion of the city council to amend its answer and the motion of

the proposed intervenors for leave to intervene are granted. As so modified, judgment affirmed, without costs. The City of Yonkers provides, through zoning provisions, for a three-stage approval of special exception use permits: a favorable planning board recommendation to the zoning board, which, after a public hearing, commends the plan to the city council, which issues final approval. In the instant case the planning board gave an unfavorable report on the petitioner college's application to build about a dozen module on-campus housing units for about 100 students and two staff members so the students could move from near-campus residences in which they were living with neighborhood families. The zoning board, after a public hearing at which mixed community sentiment was expressed, and upon receipt of an unfavorable planning board report, refused to commend the proposed special use to the city council. The college thereupon commenced a previous article 78 proceeding to compel the zoning board to approve the application on the ground that the denial was frivolous, arbitrary and capricious. The petition was granted, with a finding that the zoning board's reasons for denying the permit were not supported by the evidence, and the zoning board was ordered to issue an approval. Those reasons, virtually identical to the ones given in the unfavorable planning board report, were that the use was not in harmony with the character of the neighborhood, that it would diminish property values and create health and safety hazards, that the plan did not provide adequately for off-street parking and that posted zoning violations in other structures of the campus had not been cleared at the time of the application. The zoning board determined not to appeal the decision and the application was approved. The city council then denied the permit on the same basis the zoning board and the planning board had disapproved it. The college thereupon brought the instant proceeding against the city council to annul the denial and to compel issuance of the permit. After the city council submitted an answer claiming that its denial was supported by the record and that it was not bound by the zoning board approval, eight owners of property adjoining the property proposed to be improved made a motion to intervene. They submitted a proposed answer repeating the city council's affirmation that its decision was supported by the record and adding that they, as adjoining property owners, had not been notified of the application for the permit as required by the zoning ordinance provisions and that the approval was thus granted without jurisdiction. The city council then moved to amend its answer to conform to that of the proposed intervenors. Special Term erred in denying the motions to intervene and to amend. The proposed intervenors were aggrieved persons (cf. *Matter of Douglaston Civic Assn. v Galvin,* 36 NY2d 1). Further, the standard for allowing an amendment of pleadings is liberal under the CPLR. However, our granting of these motions does not change the result in this case. Since the zoning board took no appeal from the determination in the first proceeding, the assertions of the city council and the intervenors as to the merits of the granting or denial of the permit may be made only if those parties are successful in collaterally attacking the judgment for lack of jurisdiction. Such an attack is attempted by assertions that the zoning board failed to notify all adjoining property owners of the public hearing on the application as required by the Yonkers Zoning Ordinance and that such failure of notification is jurisdictional. The notice failed because in preparing the list for notification the zoning board and petitioners apparently used the tax rolls, which did not entirely accurately reflect actual ownership of the property, instead of conducting title searches for purposes of determining ownership. There apparently was only

one case of actual failure of notice. We find that the notice requirement is not "jurisdictional" in the sense that the city council and the intervenors seek to use the term (cf. *Ottinger v Arenal Realty Co.*, 257 NY 371). The city council also contends that the zoning board had no jurisdiction, and that the determination in the first article 78 proceeding could not confer jurisdiction for approval of the permit without a "favorable" report by the planning board as required by the zoning.ordinance. The requirement of a *favorable* planning board report is an unconstitutional delegation of zoning board authority (General City Law, § 81; *Matter of Nemeroff Realty Corp. v Kerr,* 38 AD2d 437, affd 32 NY2d 873). Thus, failure to obtain such a report did not deprive the zoning board or the court in the first proceeding of jurisdiction. Further, the planning board's unfavorable report, as determined by the court in the first proceeding, was not supported by the evidence and was arbitrary and capricious, as was the zoning board denial based upon that evidence. No issues are raised in the proposed amended answer or the proposed intervenors' answer as to the substantive merits of the special exception use permit which were not raised in the first article 78 proceeding (against the zoning board). Like Special Term in the instant proceeding, upon the pleadings in the amended and intervening answers, this court finds the original article 78 proceeding determination persuasive. There has been no showing that the application for the proposed specially excepted use does not meet all requirements. Accordingly, even if a collateral attack were allowed, denial of the permit was improper. Hopkins, Acting P. J., Cohalan, Christ, Brennan and Munder, JJ., concur.