In the Matter of the Estate of LELAND DANE, Deceased. JAMES ROSSI, Also Known as JAMES ROSS, Appellant; DOROTHY F. HOOD et al., as Administrators C. T. A. of the Estate of LELAND DANE, Deceased, Respondents.

Third Department, December 30, 1976

*O'Connell & Aronowitz, P. C. (Fred B. Wander* of counsel), for appellant.

*Steiner & Steiner (Paul H. Wein* of counsel), for respondents.

MAHONEY, J. On December 17, 1968, after repeated requests by decedent that appellant loan him $10,500, the latter drew a demand note in that amount and with decedent's consent fixed the interest rate at 7½% per annum, the then maximum annual interest permitted being 7¼% (3 NYCRR 4.1). Decedent executed the note and appellant gave him the full amount of the note in cash. After letters of coadministration with the will annexed were issued to respondents on January 21, 1975, they moved for summary judgment voiding the note on the ground that it was a usurious loan, the note having been previously rejected as a claim against the estate. The Surrogate granted the motion, voided the note and enjoined any prosecution on it thereafter. Appellant's cross motion to enforce the claim was denied.

New York's usury laws are harsh, and courts have been reluctant to extend them beyond cases that fall squarely under the statutes *(Crisafulli v Childs,* 33 AD2d 293). Subdivision 1 of section 5-511 of the General Obligations Law makes any note for which more than the legal rate of interest is "reserved or taken" or "agreed to be reserved or taken" void. Subdivision 2 of section 5-511 commands cancellation of a note in violation of subdivision 1 of section 5-511. Here, since both sides concede that the note evidences the complete agreement between the parties, we cannot aid appellant by reliance upon

the presumption that he did not make the loan at a usurious rate *(Giventer v Arnow,* 37 NY2d 305, 309; *White v Benjamin,* 138 N. Y. 623). The terms of the loan are not in dispute. Thus, the note itself establishes, on its face, clear evidence of usury. There is no requirement of a specific intent to violate the usury statute. A general intent to charge more than the legal rate as evidenced by the note, is all that is needed. If the lender intends to take and receive a rate in excess of the legal percentage at the time the note is made, the statute condemns the act and mandates its cancellation *(Feidler v Darrin,* 50 NY 437). The showing, as here, that the note reserves to the lender an illegal rate of interest satisfies respondents' burden of proving a usurious loan.

Next, where the rate of interest on the face of a note is in excess of the legal rate, it cannot be argued that such a loan may be saved because the borrower prompted the loan or even set the rate. The usury statutes are for the protection of the borrower and the purpose of section 5-511 of the General Obligations Law would be thwarted if the lender could avoid its consequences by asking the borrower to set the rate. Since the respondents herein asserted the defense of usury, it cannot be said that the decedent waived the defense by setting or agreeing to the 7½% rate of interest.

Finally, equitable considerations cannot be indulged when, as here, a statute, specifically condemns an act. The statute fixes the law, and it must be followed.

The order should be affirmed, without costs.

KOREMAN, P. J., MAIN, LARKIN and HERLIHY, JJ., concur.

Order affirmed, without costs.