■ MILTON ROSS, Appellant, v NASSAU COUNTY MEDICAL CENTER, Respondent. — Appeal from an order of the Supreme Court, Nassau County (McGinity, J.), dated May 16, 1980, dismissed, without costs or disbursements. That order was superseded by a subsequent order of the same court, dated July 24, 1980, which, upon granted plaintiff's motion for reargument, adhered to the original determination. Order dated July 24, 1980 affirmed insofar as appealed from, without costs or disbursements. No opinion. Damiani, J. P., Gibbons, Cohalan and O'Connor, JJ., concur.

■ DONALD SCHAAF, Appellant, v HARRY N. BORSHER, Respondent. — In an action on a promissory note, commenced by service of a summons with notice of motion for summary judgment in lieu of complaint, the plaintiff appeals from an order of the Supreme Court, Nassau County (Altimari, J.), dated February 6, 1981, which denied his motion for summary judgment and granted the defendant's cross motion for security for costs. Order reversed, on the law, with $50 costs and disbursements, motion granted, cross motion denied as academic, and plaintiff is granted judgment against the defendant for the sum of $15,085.17, together with interest from July 1, 1980. The circumstances of this case present no triable issues of fact. There is no evidence that the transaction at issue was other than an investment from which the plaintiff was to have received a fixed share of the profits, as opposed to a "loan or forbearance" within the meaning of subdivision 1 of section 5-501 of the General Obligations Law. A usurious agreement will not be presumed from facts equally consistent with a lawful purpose *(Grannis v Stevens,* 216 NY 583). The defendant, an attorney, should be estopped from asserting the defense of usury where he has induced the plaintiff's reliance, arranged the terms of the investment, and actually drawn up the promissory note sued upon. Titone, J. P., Lazer, Weinstein and Thompson, JJ., concur.

■ TOWN OF HUNTINGTON, Appellant, v AMERICAN MUSEUM OF NATURAL HISTORY, Respondent. — Judgment of the Supreme Court, Suffolk County, dated September 12, 1980, affirmed, without costs or disbursements, for the reasons stated in the decision of Mr. Justice McGinity at Special Term. Damiani, J. P., Gibbons, Rabin and Margett, JJ., concur.

■ VILLAGE OF LARCHMONT, Respondent, v RICHARD RAWLINGS et al., Respondents, and EDWARD N. WALKER et al., Intervenors-Appellants. — In an action by the Village of Larchmont to enforce its zoning regulations, the proposed intervenors appeal from an order of the Supreme Court, Westchester County (Ferraro, J.), dated April 29, 1980, which denied their motion to intervene. Order reversed, on the law, without costs or disbursements, and motion granted. In our view, the movants are aggrieved (see *Matter of Douglaston Civic Assn. v Galvin,* 36 NY2d 1; *Matter of Sarah Lawrence Coll. v City Council of City of Yonkers,* 48 AD2d 897) and have shown that the representation of their interest may be inadequate and that they may be bound by the judgment (see CPLR 1012, subd [a], par 2). Titone, J. P., Lazer, Weinstein and Thompson, JJ., concur.