■ Diane R. Reschke, Respondent, v Mishel Eadi, Appellant. — Order reversed, with costs, and action dismissed. Memorandum: This is an action brought pursuant to CPLR 3213 seeking accelerated judgment on a promissory note. Defendant appeals from Special Term's order, and the judgment entered thereon which ordered him to pay plaintiff $5,100, plus interest at 8% per annum from the date of the note. He alleges that the note is unenforceable because it demands a usurious rate of interest (General Obligations Law, § 5-511, subd 2). We agree. By the terms of note, plaintiff agreed to advance defendant the sum of $14,000, the term of the loan not to exceed six months. The note provided that at the end of six months defendant would repay the principal "plus 15% interest ($2,100)". Defendant paid plaintiff $11,000 but defaulted in paying the balance or interest. Special Term granted summary judgment for $5,100 ($3,000 principal and $2,100 interest as the note required), plus interest at the rate of 8% per annum from the date of the note. Manifestly, the annual rate of interest specified in the note was an unlawful 30% per annum. Plaintiff contends, however, that she is entitled to recover, the unlawful interest charge notwithstanding, because she had no intention to charge illegal interest. On this appeal she has submitted several papers in an effort to establish that fact. These papers are not properly a part of the record since they were not before Special Term at the time it decided this motion. Moreover, the note demanded a fixed certain obligation and exacted interest at an unlawful and unambiguous rate. That being so, the note is void and unenforceable (see 32 NY Jur, Interest and Usury, § 72). Defendant did not cross-move for summary judgment but the provisions of CPLR 3212 (subd [b]) apply alike to CPLR 3213 and summary judgment is warranted in this case. All concur, except Hancock, Jr., and Schnepp, JJ., who dissent in part in the following memorandum.

Hancock, Jr., and Schnepp, JJ. (dissenting). We agree that the order granting summary judgment in favor of plaintiff should be reversed. We believe, however, that the moving and answering papers should be deemed to be the complaint and the answer as provided by CPLR 3213 and that the action should not be dismissed. There was no cross motion for summary judgment and plaintiff has never submitted an affidavit addressed to the defense of usury. Inasmuch as her motion for summary judgment was granted from the Bench, she had no reason to do so. By dismissing her action we deprive her of the opportunity to attempt to raise factual issues negating the defense of usury on the trial of the action or in response to defendant's motion for summary judgment. (Appeal from order of Onondaga Supreme Court, Roy, J. — summary judgment in lieu of complaint.) Present — Simons, J. P., Callahan, Hancock, Jr., Doerr and Schnepp, JJ.