■ ELAINE HAMMOND, Respondent v CARMEN MARRANO, Appellant. — Judgment unanimously affirmed, with costs. Memorandum: Plaintiff sued to recover $17,500 due on a promissory note and defendant interposed the defense of usury. After a trial without a jury, the court held that the defense of usury was not established and he granted judgment to the plaintiff for the full amount due on the note, with interest. From this judgment, defendant appeals. Plaintiff Elaine Hammond and her husband Gary were employees of Marrano Enterprises, Inc., a real estate development corporation, from 1970-1976. Defendant, Carmen Marrano was part owner of that corporation and was in

charge of handling the financial matters for the corporation. The Hammonds became close friends with the Marranos as a result of their employment together. Even though Carmen left Marrano Enterprises in 1973 or 1974, the parties remained friends and neighbors. In 1975, Elaine's mother died. She left Elaine $30,000, which had been placed in a joint bank account with Gary and Elaine Hammond named as cotenants. On the night of her mother's death, defendant Marrano approached Elaine and asked to borrow $60,000 from her mother's estate, to finance the purchase of a car dealership. Elaine refused to loan Marrano the money. After Marrano's repeated requests for the money, Gary Hammond agreed to loan Carmen $20,000. Gary withdrew the money from the joint bank account that had been established with money from the estate of Elaine's mother, and gave it to the defendant. Elaine acquiesced in this transaction. A promissory note was signed by the defendant on August 11, 1975 promising to repay the $20,000 to Gary and Elaine Hammond within six months of the date thereof, "with interest at the rate of 12 per cent per annum." In August of 1976, the Hammonds moved to Texas, and in July of 1977, they separated. Marrano paid interest on the note at the rate of 12% up until the time of the Hammonds' separation. The checks were made payable to Gary Hammond only. In September of 1978 the Hammonds divorced, and as part of her divorce settlement, Elaine was awarded the note held by Marrano. That same month, Elaine flew to Buffalo and demanded payment from defendant Marrano. Instead of paying Elaine, he drew a new promissory note, dated September 20, 1978, which provided: "___ after date I promise to pay to the order of Elaine Hammond Seventeen Thousand Five Hundred 00/100 dollars payable at 12% interest per year". In the lower left-hand corner of the note, the instrument states "replace original note dated 8/11/75". (Marrano previously paid $2,500 dollars in reduction of the principal.) Mrs. Hammond took the note, without looking at it. Since that date, no payments have been made on the indebtedness. In concluding that the defense of usury had not been established, the trial court found that the second note terminated whatever obligations existed under the original note; that the second note never reached the status of an agreement between the parties; that Elaine Hammond never agreed to the second note as written; and that she had no intention to violate the usury statute. Contrary to the trial court's finding, the delivery of the second note dated September 20, 1978 did not purge the transaction of usury (32 NY Jur, Interest and Usury, § 95). The fact that Elaine Hammond did not intend to violate the usury laws, as found by the Trial Justice, does not free the transaction from usury. A loan is usurious if the lender intends to take and receive a rate of interest in excess of that allowed by law even though the lender has no specific intent to violate the usury laws (*Matter of Dane,* 55 AD2d 224; see *Reschke v Eadi,* 84 AD2d 904). Even though the transaction was usurious, under the peculiar facts of this case, we hold that the defendant is estopped from asserting that defense. This is not the usual usurious transaction where an unscrupulous lender takes advantage of a necessitous borrower. Here the testimony shows, and we so find, that the defendant borrower had 20 years' experience in constructing residential properties and was part owner of one of the largest real estate development corporations in western New York. He was active in borrowing and lending money and was familiar with the usury laws. He was a close friend of the plaintiff lender and her husband, Elaine and Gary Hammond. Defendant drew the note and fixed the rate of interest and plaintiff's husband withdrew the money from a joint account and gave it to the defendant. The plaintiff was reluctant to loan the money and acquiesced only because of the close personal relationship between the defendant and the Hammonds. Although the defendant was aware of the legal rate

of interest at the time he drew the note and borrowed the money, he did not tell the plaintiff that the note was usurious. Due to the close personal relationship between the parties, and defendant's superior knowledge, he had a duty to disclose that fact. "Even where a party is not, strictly speaking, a fiduciary, he may stand in such a relation of trust and confidence to the other as to give the other the right to expect disclosure." (Restatement, Contracts 2d, § 161, comment *f*.) A borrower, who, because of a fiduciary relationship with the lender, is under a duty to speak and who fails to disclose the illegality of the rate of interest he proposes, is estopped from asserting the defense of usury where the lender rightfully relies upon the borrower in making the loan (*Liebergesell v Evans,* 93 Wash 2d 881; *Hungerford Brass & Copper Co. v Brigham,* 47 Misc 240). This is in accord with the rule in the majority of the States (Usury-Borrower's Initiation Ann., 16 ALR3d 510, 513-516). The judgment in favor of plaintiff for the balance due on the note, together with the legal rate of interest, is affirmed. (Appeal from judgment of Supreme Court, Erie County, Kuszynski, J. — promissory note.) Present — Hancock, Jr., J. P., Callahan, Denman, Boomer and Schnepp, JJ.