MARILYN R. ANGELO, Respondent, v GEORGE E. BRENNER, JR., Appellant.

Third Department, December 9, 1982

**APPEARANCES OF COUNSEL**

*Robert D. Wilcox* for appellant.

*Ainsworth, Sullivan, Tracy & Knau* (*Joseph C. Teresi* of counsel), for respondent.

**OPINION OF THE COURT**

LEVINE, J.

On February 21, 1980, defendant executed a six-month promissory note in the sum of $5,000 in exchange for a personal loan. The note stipulated that the principal was due and payable August 21, 1980, and further provided that it was "payable at 14% interest per annum ($350)". Defendant defaulted when the note became due. Plaintiff then moved for summary judgment in lieu of complaint (CPLR 3213). Subsequently, defendant cross-moved for summary judgment on the ground that the note was void because the stipulated interest rate violated the State's usury law (General Obligations Law, §§ 5-501, 5-511, subd 1). There is no dispute that a 14% annual interest rate exceeded the legal rate at the time the note was executed (Banking Law, § 14-a; 3 NYCRR 4.1). However, based

upon the uncontradicted evidence that the transaction was initiated by defendant, that he physically drafted the note and inserted the interest rate, and that plaintiff was not aware that the rate was usurious, Special Term concluded that defendant's usury defense was not established because plaintiff lacked the requisite intent to violate the statute. Special Term's interpretation of the intent requirement for a usury defense was erroneous under our decision in *Matter of Dane* (55 AD2d 224). In her affidavit, plaintiff conceded her awareness that the annual interest rate under the note was 14%. There is no conflict between the "14% interest per annum" contained in the note and the "$350" inserted in parentheses immediately thereafter, since that sum is the equivalent of the aggregate interest charges on a six-month note for $5,000 at an annual interest rate of 14%. *Matter of Dane* (*supra*) establishes that a note usurious in fact may be void despite the absence of a specific intent to violate the usury statutes (*supra,* at p 226). So long as the lender intends to extract a rate in excess of the legal rate, the note is void, irrespective of whether the borrower prompted the loan or even set the rate (*supra,* at p 226). Consequently, defendant's usury defense was not insufficient, as a matter of law, and Special Term erred in granting plaintiff summary judgment.

It does not follow, however, that the foregoing facts conclusively established defendant's usury defense, so as to require that defendant's cross motion for summary judgment be granted. In her affidavit, plaintiff further averred that she was induced to enter into the transaction out of sympathy for defendant's description of his urgent financial plight and the personal problems of his son, that she was totally inexperienced in business matters and relied upon defendant's friendship and his superior expertise as a real estate broker and teacher of real estate, and, specifically, that when defendant suggested a 14% rate, she asked him whether it was legal and he intentionally misrepresented that it was. Unquestionably, New York's usury laws are harsh in requiring a total forfeiture of a usurious loan in order "to protect desparately poor people from the consequences of their own desparation" (*Schneider v Phelps,* 41 NY2d 238, 243). However, if plaintiff's

averments are true, voiding the loan here would permit defendant to achieve a total windfall, at the expense of an innocent person, through his own subterfuge and inequitable deception, a result which does not appear to be required in order to fulfill the public policy and purposes of the usury laws. Such circumstances clearly distinguish the instant case from *Matter of Dane* (*supra*). Under similar circumstances, it has been held that an estoppel *in pais* may apply to prevent a borrower from successfully avoiding his debt obligation through a usury defense (*Payne v Burnham,* 62 NY 69, 72; *Verity v Sternberger,* 62 App Div 112, 115, affd 172 NY 633; *Hungerford Brass & Copper Co. v Brigham,* 47 Misc 240, 246-247). Consequently, since plaintiff's averments set forth facts upon which such an estoppel may be applied, a triable issue of fact exists requiring a trial.

The judgment should be reversed, on the law, without costs, the plaintiff's motion and defendant's cross motion for summary judgment denied, and the matter remitted for trial in accordance herewith.

MAHONEY, P. J., MIKOLL and YESAWICH, JR., JJ., concur.

Judgment reversed, on the law, without costs, plaintiff's motion and defendant's cross motion for summary judgment denied, and matter remitted for trial in accordance herewith.