Simons, J.
(dissenting). I would reverse and grant judgment to plaintiffs because defendant charged them an unlawful rate of interest, not through excusable mistake, but knowingly. Having established that, plaintiffs had no obligation to go further and prove that defendant did so “clandestinely” with the specific intent to violate the usury laws or that its conduct amounted to a “subterfuge” or “ruse” to do so.
Analysis starts with the statute which prohibits savings and loan institutions from “knowingly taking, receiving, reserving, or charging * * * interest * * * at a rate greater than * * * authorized by law” (Banking Law, § 380-e). The rate authorized by law at the time of this transaction was 8V2% which, the statute says, shall include “all amounts paid or payable, directly or indirectly * * * to or for the account of the lender in consideration for the making of a loan” (Banking Law, § 14-a, subd 2, par [b] [now § 14-a, subd 2]). The regulations adopted pursuant to the Banking Law similarly provide that the maximum mortgage interest allowed (i.e., 8V2%) shall include origination fees, points and other discounts “and all other amounts paid or payable, directly or indirectly * * * to or for the account of the lender in consideration for making the loan” (3 NYCRR 4.1, 4.2 [emphasis added]). The language of these provisions could hardly state more broadly that the legal rate shall be computed after considering all amounts paid to the lender by the buyer and that the total shall not exceed 8V2%. There are no exceptions other than those specific charges enumerated in section 4.3 of the regulations and they may be excluded from the computation of interest only if itemized (3 NYCRR 4.2, 4.3). The additional 1% charge assessed plaintiffs by defendant in this case was not one of the exceptions listed. Neither was it itemized by defendant.
The only exception contained in section 4.3 of the regulations relevant to this appeal is the exception dealing with charges for periodic inspections related to advances to be made under a loan agreement (3 NYCRR 4.3 [b] [7]). It is questionable whether periodic inspections of plaintiffs’ *267 premises were made, but paragraph 7 does not apply in any event because no advances were made to plaintiffs. The entire principal was paid over at the closing on August 24, 1978, after the building was completed. Thus, during the first year of the loan plaintiffs paid defendant a total consideration of 9Vfe% for the loan, 8x/%% interest plus an additional 1% for the unauthorized “Commitment Fee”. Since the law forbids the exaction of interest greater than 8Vz% and provides that all sums paid shall be considered interest unless exception is specifically authorized and itemized, it is manifest that the loan was usurious.
Conceding that the 1% charge was wrongfully assessed and must be returned, the majority hold, somewhat inconsistently, that the charge was for a lawful purpose and that it was made by mistake. Thus, it finds that plaintiffs failed to prove usurious intent.
The general rule is that the intent required to establish usury is the general intent to act contrary to the statute, not a specific intent to commit usury. This rule is consistent with the Banking Law’s use of the term “knowingly”. “Knowingly” imports knowledge that the facts exist which constitute the offense, not knowledge of the unlawfulness of the act (see People v Shapiro, 4 NY2d 597, 600; People v Ahrend Co., 308 NY 112; Myers v U. S. Camera Pub. Corp., 9 Misc 2d 765, 768; see, also, Black’s Law Dictionary [5th ed], p 784). Thus, once excessive interest is charged, the intent to violate the statute will be implied (see, generally, 91 CJS, Usury, § 14; 32 NY Jur, Interest and Usury, §§ 72, 73). In most cases, the nature of the transaction establishes the excessive charge and the finding of intent follows from it (see, e.g., Giventer v Arnow, 37 NY2d 305; Fiedler v Darrin, 50 NY 437; Angelo v Brenner, 90 AD2d 131; Hammond v Marrano, 88 AD2d 758; Reschke v Eadi, 84 AD2d 904; Matter of Dane, 55 AD2d 224). To be distinguished, however, are cases in which the facts are disputed and the transaction on its face appears legal or is ambiguous. Presumably, parties do not intentionally violate the law and in those cases extrinsic evidence is necessary to clearly establish the offense (Brown v Robinson, 224 NY 301, 318; White v Benjamin, 138 NY 623, 624). Thus, a corrupt intent must be established where it does *268 not clearly appear that the transaction was a loan (see, e.g., Brown v Robinson, supra; Meaker v Fiero, 145 NY 165), or that unlawful interest was exacted for it (see, e.g., Rosenstein v Fox, 150 NY 354; McNellis v Dubnoff, 367 F2d 513).
There is nothing ambiguous about this case or the inferences which must be drawn from the established facts. Defendant loaned money to plaintiffs by a mortgage transaction and it charged and received more interest for the loan than the law allows. Usurious intent is implied, therefore, unless defendant did so because of an excusable mistake.
Mistakes can be categorized as mistakes of fact or mistakes of law. Generally, when a person makes a mistake of fact, his act may be excusable because his act does not represent the performance he intended. Clerical or arithmetical mistakes fall into this category (see Marvine v Hymers, 12 NY 223; Archibald v Thomas, 3 Cow 284) and so do computer errors (see Heelan v Security Nat. Bank, 73 Misc 2d 1004). When a party makes a mistake in the law, however, he is bound by his action even though he would have acted otherwise had he not been ignorant of the law (see Vee Bee Serv. Co. v Household Fin. Corp., 51 NYS2d 590, 611, affd 269 App Div 772; and see, generally, Usury as Affected by Mistake in Amount or Calculation of Interest or Service Charges for Loan, Ann., 11 ALR3d 1498). The defendant’s act of charging an additional 1% “Commitment Fee” was a deliberate and purposeful act, not a mistake in calculation, and it does not excuse defendant from the consequences. The reason for the rule is obvious enough: the lender would rarely be chargeable with knowledge or unlawful intent if free to claim, after the fact, ignorance of the interest rate or of the laws and regulations. That is precisely what defendant bank claims here, that it acted in good faith and was unaware of the banking statute and regulations or of the true nature of the transaction with plaintiffs. If the usury laws are to mean anything, that simply is not excuse enough.
The concern, of course, is the windfall to the borrowers, but any “windfall” is lawful, sanctioned by the statute because of New York’s strong public policy against lenders *269 exacting excessive interest. If the statute and regulations effectuating that policy are not enforced, then lenders may, either by sharp or shoddy practice, experience another type of windfall, an illegal one, by imposing excessive fees and charges on their customers.
Chief Judge Cooke and Judge Meyer concur with Judge Jasen; Judge Kaye concurs in result only; Judge Simons dissents and votes to reverse in a separate opinion in which Judge Jones concurs; Judge Wachtler taking no part.
Order affirmed, with costs.