**5** MARK KAUFMAN et al., Respondents, v HYMAN B. HOROWITZ et al., Appellants.—In an action, *inter alia,* to cancel a mortgage loan and related agreements as usurious, the defendants Hyman Horowitz, Joyce Elish Pension Trust, and Joyce Elish individually, appeal from so much of an order of the Supreme Court, Suffolk County (McCarthy, J.), dated June 5, 1989, as granted the plaintiffs' motion for a preliminary injunction, *inter alia,* barring efforts to collect on the promissory note underlying the mortgage, and denied their cross motion for summary judgment dismissing the complaint insofar as it is asserted against them, and the defendant Steven Horowitz has filed a notice of appeal from that order.

Ordered that the appeal by Steven Horowitz is dismissed as abandoned; and it is further,

Ordered that the order is reversed insofar as appealed from by the appellants Hyman Horowitz, Joyce Elish Pension Trust, and Joyce Elish individually, on the law, the motion is denied, the cross motion is granted, and the complaint insofar as it is asserted against the appellants is dismissed; and it is further,

Ordered that the appellants Hyman Horowitz, Joyce Elish Pension Trust, and Joyce Elish individually, are awarded one bill of costs, payable by the plaintiffs.

There are no triable issues of fact in this case. Although the terms of the parties' equity participation agreement provided the defendants with more protection against the potential fluctuations of the market than it provided the plaintiffs *(see, Orvis v Curtiss,* 157 NY 657, 662; *Schaaf v Borsher,* 82 AD2d 880; *Leibovici v Rawicki,* 57 Misc 2d 141, *affd* 64 Misc 2d 858), there is no evidence that the transaction at issue was other than a joint venture to share in the appreciation of real property, as opposed to a "loan or forbearance" within the meaning of the usury laws *(see, Schaaf v Borsher, supra; Blair v Scimone,* 26 AD2d 751; 72 NY Jur 2d, Interest & Usury, § 64). A usurious agreement will not be presumed from facts equally consistent with a lawful purpose *(see, Grannis v Stevens,* 216 NY 583). Thompson, J. P., Bracken, Harwood and Copertino, JJ., concur.