■ Iser Abramovitz, Respondent, v Kew Realty Equities, Inc., et al., Appellants.—Order, Supreme Court, New York County (Joan B. Lobis, J.), entered October 21, 1991, which, *inter alia,* granted plaintiff's motion for summary judgment pursuant to CPLR 3213 as against defendants, jointly and severally, in the sum of $650,000, with interest at the maximum legal rate of 25% per annum, and the judgment entered October 25, 1991 pursuant thereto, unanimously affirmed, with costs.

The record reveals that the individual defendants, Abraham Mordowitz and Harry Skydell, both experienced and sophisticated businessmen licensed to practice law in this State, induced plaintiff to advance them $650,000 to further their real estate interests, by taking advantage of plaintiff's long-standing friendship and trust in his attorney, Mordowitz, and by promising him a "profit" and "fee" on his investment; that defendant Mordowitz then drafted the original documents and set the financial terms that defendants now claim are usurious; and that although defendants were aware of the legal rate of interest at the time they drafted the documents and borrowed the money, they did not so advise the plaintiff, nor did they advise him to seek independent counsel. A borrower, who, because of a fiduciary or other like relationship of trust with the lender, is under a duty to speak and who fails to disclose the illegality of the rate of interest he proposes, is estopped from asserting the defense of usury where the lender rightfully relies upon the borrower in making the loan *(Hammond v Marrano,* 88 AD2d 758; *Schaaf v Borsher,* 82 AD2d 880). Accordingly, defendants should be estopped from asserting the defense of usury.

We have considered defendants' remaining arguments and

find them to be without merit. Concur—Carro, J. P., Wallach, Kassal and Rubin, JJ.