■ BRUCE LIPSKY et al., Respondents, v AJAX ELECTRIC MOTOR CORP., Appellant. [639 NYS2d 618]

Memorandum: Plaintiffs commenced this action by moving for summary judgment in lieu of a complaint (*see,* CPLR 3213), alleging that defendant failed to make interest payments on promissory notes. The notes, dated January 1, 1992, entitled plaintiffs to 10% annual interest and were subject to subordination agreements with Chase Lincoln First Bank (Chase). The subordination agreements provided that plaintiffs were not entitled to interest on the notes when defendant's debt to Chase was in default. It further provided that the subordination agreements were assignable and that the junior creditors would sign any instruments that the senior creditor deemed necessary to effect the purposes of the subordination agreement. Defendant made regular interest payments to plaintiffs through 1993. When defendant refinanced its debt with Fleet Bank (Fleet) in January 1994, Chase assigned the subordination agreements to Fleet. Fleet, as authorized by the validly assigned subordination agreements, required that plaintiffs execute new subordination agreements in favor of Fleet. The refinancing agreement between Fleet and defendant required defendant to provide new subordination agreements executed by plaintiffs by April 30, 1994 and stated that failure to do so would constitute a default pursuant to defendant's agreement with Fleet.

In two letters sent in February and March 1994, defendant asked plaintiffs to execute new subordination agreements with

Fleet; defendant advised them that their failure to do so would constitute a default pursuant to defendant's agreement with Fleet, resulting in the cessation of interest to plaintiffs. First, plaintiffs were asked to sign subordination agreements containing substantially different terms from those subordination agreements plaintiffs had with Chase. After plaintiffs refused to sign them, Fleet agreed to subordination agreements identical to those with Chase. Plaintiffs refused to sign those as well. Thereafter, defendant ceased paying interest to plaintiffs, who then commenced this action for interest on the promissory notes. Defendant filed an affidavit in opposition to plaintiffs' motion and requested summary judgment, alleging that plaintiffs' failure to execute new subordination agreements constituted a default that relieved it of its obligation to pay interest to plaintiffs.

Supreme Court erred in concluding that this action was properly brought under CPLR 3213. While CPLR 3213 could apply to an action on a promissory note where subordination agreements merely order the priority of plaintiffs' rights as against other creditors and have no bearing on plaintiffs' rights against defendant (see, Kornfeld v NRX Technologies, 93 AD2d 772, 772-773), here, plaintiffs necessarily relied upon the subordination agreements to attempt to establish that a default had not occurred, and thus, plaintiffs' prima facie case consisted of more than "proof of the note and a failure to make the payments called for by its terms" (Seaman-Andwall Corp. v Wright Mach. Corp., 31 AD2d 136, 137, affd 29 NY2d 617; see, Manufacturers Hanover Trust Co. v Hixon, 124 AD2d 488). Plaintiffs' motion is, therefore, denied and "the moving and answering papers [are] deemed the complaint and answer, respectively" (CPLR 3213).

Because CPLR 3212 (b) applies to CPLR 3213 motions (see, Reschke v Eadi, 84 AD2d 904) and because plaintiffs did not raise a procedural objection to defendant's request for summary judgment, we follow the procedural path charted by the parties and consider defendant's request (see, Reilly v Insurance Co., 32 AD2d 918; Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3213:11, at 509). The record reflects that, contrary to the court's conclusion, the subordination agreements do not require that plaintiffs receive notice that a default pursuant to defendant's agreement with Fleet has occurred. Pursuant to the validly assigned subordination agreements, interest is not to be paid on the notes in the event of a default. Because plaintiffs failed to execute new subordination agreements that were properly demanded by

Fleet, defendant was unable to furnish those agreements to Fleet, resulting in a default pursuant to defendant's agreement with Fleet. Therefore, plaintiffs are not entitled to interest on the notes, and the complaint must be dismissed (*see,* CPLR 3212 [b]). (Appeal from Order of Supreme Court, Monroe County, Fisher, J.—Summary Judgment In Lieu Of Complaint.) Present—Green, J. P., Lawton, Fallon, Doerr and Balio, JJ.