■ MIN COMPUTER CONSULTANTS INC. RETIREMENT TRUST et al., Appellants, v RICHARD EASTON, Respondent, et al., Defendants. [646 NYS2d 56] —In an action to foreclose a mortgage on real property, the plaintiffs appeal from (1) an order of the Supreme Court, Suffolk County (Gowan, J.), entered July 13, 1995 which, (a) upon granting the motion of the defendant Richard Easton to renew his prior motion for summary judgment, granted his motion for summary judgment dismissing the complaint and to cancel a certain mortgage held by the plaintiffs, and (b) denied their cross motion to compel the further deposition of Richard Easton, and (2) an order and judgment (one paper) of the same court, entered August 8, 1995, which, *inter alia,* dismissed the complaint.

Ordered that the appeal from the order entered July 13, 1995, is dismissed; and it is further,

Ordered that the order and judgment entered August 8, 1995, is reversed, on the law, the order entered July 13, 1995, is vacated, the defendant's motion for summary judgment is denied, the plaintiffs' motion to compel the further deposition of Richard Easton is granted, and the complaint is reinstated; and it is further,

Ordered that the defendant Richard Easton shall appear to complete his deposition at a time and place to be set forth in a written notice by the plaintiffs to be served upon him at least 10 days prior to such deposition, or at such time and place as the parties may agree; and it is further,

Ordered that the appellants are awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of the order and judgment in the action *(see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the order and judgment (CPLR 5501 [a] [1]).

Walter Eidelkind, a mortgage broker, arranged financing from the plaintiffs' assignees on behalf of the defendant mortgagor, Richard Easton, for the purchase of a house in Easton's name. The interest rate was set at 16.5% per annum,

which is above the maximum legal rate (see, General Obligations Law § 5-501 [2]; Banking Law § 14-a [1]). It is undisputed that the original mortgagee was not a qualified lender exempt from New York's usury statute.

After Easton defaulted on the mortgage, the plaintiffs commenced the instant foreclosure action. Easton raised usury as a counterclaim and the plaintiffs, in defense of the counterclaim, asserted that Easton was estopped from raising usury to avoid foreclosure.

The court granted Easton's motion for summary judgment and cancelled the mortgage, finding that the plaintiffs (1) had failed to join Eidelkind as a party, and (2) had failed to tender evidence in admissible form sufficient to raise triable issues of fact requiring a trial.

We do not agree that Eidelkind was a necessary party in the foreclosure action (see, Polish Natl. Alliance v White Eagle Hall Co., 98 AD2d 400). Moreover, the evidence submitted by the plaintiffs was sufficient to raise a triable issue of fact as to whether Easton should be estopped from raising usury as a defense and counterclaim (see, Abramovitz v Kew Realty Equities, 180 AD2d 568; Hammond v Marrano, 88 AD2d 758). Easton is therefore not entitled to summary judgment dismissing the complaint.

In light of our determination the plaintiffs' cross motion to compel Easton to complete his deposition is granted. Bracken, J. P., Miller, Copertino and Krausman, JJ., concur.