■ In the Matter of Exxon Corporation, Appellant, v Vincenza Restiano, as President of City Council of City of Yonkers, et al., Respondents. [655 NYS2d 439] —In a proceeding pursuant to CPLR article 78 to review a determination of the respondent City Council of the City of Yonkers, dated August 29, 1995, denying the petitioner's application for a special exception use permit, the petitioner appeals from an order of the Supreme Court, Westchester County (Donovan, J.), entered February 27, 1996, which remitted the matter to the respondent City Council of the City of Yonkers for the creation of a more complete record.

Ordered that on the Court's own motion the appellant's notice of appeal is treated as an application for leave to appeal, and leave to appeal is granted; and it is further,

Ordered that the order is reversed, on the law, with costs, the determination is annulled, the petition is granted, and the

matter is remitted to the City Council of the City of Yonkers for the purpose of issuing the special exception use permit requested by the petitioner subject to the conditions set forth in the preliminary approval of the petitioner's application by the Zoning Board of Appeals of the City of Yonkers in a letter dated July 31, 1995.

The Supreme Court erred in remitting this matter to the respondent City Council of the City of Yonkers for a more complete record. An extensive hearing was held on the petitioner's application before the Zoning Board of Appeals, after which preliminary approval was granted, subject to certain conditions. The application was subject to final approval by the City Council. Although the subsequent proceedings before the City Council were brief, there was a formal hearing and the reasons for the denial of the application by the City Council readily appear in the record. Furthermore, the resolution adopted by the City Council denying the petitioner's application explicitly states that it was made upon the record developed before the Zoning Board of Appeals. Thus, the record does indicate the facts and evidence relied upon by the City Council in making its determination (*cf., Matter of Perrella v Suffolk County Classification & Salary Appeals Bd.,* 117 AD2d 603). Upon our review of this record, we conclude that the denial of the petitioner's application by the City Council was not supported by substantial evidence and should be annulled. The determination by the City Council was impermissibly based upon generalized objections expressed by members of the community (*see, Matter of Markowitz v Town Bd.,* 200 AD2d 673; *Matter of Texaco Ref. & Mktg. v Valente,* 174 AD2d 674). However, we find that the conditions set forth by the Zoning Board of Appeals in granting preliminary approval are appropriate restrictions on the exception, and should have been imposed by the City Council. Bracken, J. P., O'Brien, Santucci, Friedmann and Goldstein, JJ., concur.