■ NORMAN WEISBERG et al., Respondents, v RINA P. DE-MEO et al., Appellants, et al., Defendants. [678 NYS2d 661] —In an action to foreclose a mortgage upon real property, Rina P. DeMeo and Gary C. DiLeonardo as guardian ad litem for Rina P. DeMeo appeal from a judgment of the Supreme Court, Queens County (Leviss, J.H.O.), dated March 10, 1998, which, *inter alia,* dismissed the answer and counterclaim interposed on behalf of Rina P. DeMeo, confirmed the report of the Referee, and directed that the mortgaged premises be sold.

Ordered that the judgment is affirmed, with costs.

The defendant Rina P. DeMeo failed to overcome the presumption that she was competent on the date she entered into a mortgage agreement with the plaintiffs (*see, Feiden v Feiden,* 151 AD2d 889). Therefore, the mortgage is not voidable (*see, Ortelere v Teachers' Retirement Bd.,* 25 NY2d 196). In any event, assuming that DeMeo was incapacitated, she failed to establish that the plaintiffs had any knowledge of her incapacity and were therefore not bona fide mortgagees for value (*see, Mutual Life Ins. Co. v Hunt,* 79 NY 541, 545).

DeMeo's further contention that the mortgage transaction was unconscionable cannot be asserted against the plaintiffs. DeMeo failed to establish at trial that the fee charged by the financing company was excessive. In addition, the record is devoid of any evidence that the plaintiffs should have foreseen that their attorney or the financing company would impose other fees that were either excessive or unrelated to the transaction. Moreover, the record reflects that the plaintiffs never met DeMeo, did not fix the terms of the mortgage or set any of the closing costs or fees, did not attend the closing, and did not receive any of the fees collected at the closing. Since it is clear that their attorney was acting for his own benefit and that his actions were not foreseeable, the plaintiffs are relieved of liability (*see, O'Boyle v Avis Rent-A-Car Sys.,* 78 AD2d 431; *Hatton v Quad Realty Corp.,* 100 AD2d 609).

The record does not support a finding that the plaintiffs

intended to take and receive a rate of interest in excess of that allowed by law (*see, Hammond v Marrano,* 88 AD2d 758). Pizzuto, J. P., Joy, Florio and Luciano, JJ., concur.