OPINION OF THE COURT
Yvonne Lewis, J.
Plaintiff, Meryl Keezing, has motioned this court to render a judgment in her favor against the defendant in the amount of $20,000, plus interest from April 11, 2002. Ms. Keezing predicates this request on the fact that on January 11, 2002 she had loaned the defendant $25,000 to be repaid within 90 days, i.e., on or before April 11, 2002, and that after an initial *409 $5,000 payment, the defendant has failed to repay the remaining $20,000 despite due demand having been made therefor. Defendant, Paul Rodriguez, has crossed-moved this court to dismiss Ms. Keezing’s application on the ground that rather than being a simple loan transaction as alleged by the plaintiff, i.e., an investment with a term of 90 days and an interest rate of 20%, the plaintiffs note really bears an interest rate of 80% per annum. Mr. Rodriguez contends that since an interest rate greater than 24% is criminally usurious and since the result of a finding of usury is to render an obligation unenforceable as null and void, the court should grant an order of dismissal pursuant to CPLR 3211 (a) (1). Mr. Rodriguez also argues that his case is established by the plaintiffs own documentary evidence. Ms. Keezing counters by pointing out that it was Mr. Rodriguez who had come to her with a proposition that “he had obtained a promissory note from a woman named Valerie Shakespeare in the sum of $85,000.00 allegedly for some services he had rendered to her. He offered me a share of the sum if I would give him $25,000.00. From that share he was to pay me 20% of that sum or $17,000.00 * * * simply put, he agreed to pay me $17,000.00 as my equity share of his promissory note with Ms. Shakespeare.” In addition, Ms. Keezing points out that by having made an initial partial payment, Mr. Rodriguez waived any defense of usury. Her attorney cited two cases in support of this latter contention. In Howard v Kirkpatrick (263 App Div 776, 776 [1941]), the Appellate Division, Third Department, held that “the defense of usury is personal and may be waived by the borrower [in that instance, by defendant Gertrude Chappell who had acquired the property subsequent to the original mortgages] and that a conveyance subject to usurious mortgage constitutes such waiver.” In Seidel v 18 E. 17th St. Owners (79 NY2d 735, 741 [1992]), the Court of Appeals ruled that “the defense may be waived; it may be unavailable to certain persons not party to the original transaction; and a borrower may be estopped from asserting it.”
This court finds the arguments advanced by both sides to be specious. On the one hand, the plaintiffs reply assertion that the parties’ agreement constituted an investment vehicle whereby she was sold an equity share of the defendant’s promissory note with a third party is belied by her initial motion papers where she sought repayment of a loan. On the other hand, the defendant’s contention that he was duped into a usurious undertaking is contradicted by the fact that the transaction was of his making; that is, that he authored the transactional document and utilized a third-party promissory *410 note as a “collateral inducement” to assure repayment. The plain fact is that both sides were motivated by greed — the plaintiff sought to recoup a short-term windfall of her principal at an excessive interest rate; the defendant to be gifted interest free capital. Neither attempt can be sanctioned by this court.
The Court of Appeals, in Seidel v 18 E. 17th St. Owners (supra, 79 NY2d 735 [1992]), discussed the considerations to be resolved herein. “When ‘any bond, bill, note, assurance, pledge, conveyance, contract, security or any evidence of debt, has been taken or received in violation’ of the usury laws, ‘the court shall declare the same to be void, and enjoin any prosecution thereon, and order the same to be surrendered and cancelled’ ” (at 741, citing General Obligations Law § 5-511 [2]). Hence, the “consequences to the lender of a usurious transaction can be harsh: the borrower is relieved of all further payment — not only interest but also outstanding principal, and any mortgages securing payment are cancelled.” (Id.) It is in this regard that the plaintiff’s point comes to bear, namely, that “[u]sury laws apply only to loans and forebearances, not investments (General Obligations Law § 5-501 [1], [2]). [Hence,] [i]f the transaction is not a loan, ‘there can be no usury, however unconscionable the contract may be’ ” (id. at 744, citing Orvis v Curtiss, 157 NY 657, 661 [1899]). However, it is equally the case that “a party will be concluded [sic] from denying his own acts or admissions which were expressly designed to influence the contract of another, and did so influence it, and when such denial will operate to the injury of the latter” (id. at 742 [internal quotation marks omitted], citing Payne v Burnham, 62 NY 69, 73 [1875]). In Seidel v 18 E. 17th St. Owners (79 NY2d 735, 743), it was held that “ [although the mortgagor is estopped from claiming usury, the illegal transaction is not entirely purged of its taint. Balancing the competing interests of law and equity, ‘the innocent assignee is permitted to recover only the amount advanced with interest, rather than to enforce the mortgage for its face amount’ ” (citing Clafin v Boorum, 122 NY 385 [1890]; Payne v Burnham, 62 NY at 74, supra). In Seidel v 18 E. 17th St. Owners (supra), the plaintiffs alleged that one of the defendant’s principals both suggested the interest rate and drafted the documents and that his representations were relied upon that the transaction was legal. In other words, the plaintiffs argued, as does the instant plaintiff, Meryl Keezing, that the borrower’s conduct/ wrongdoing should estop any usury defense. The Court there *411 upon made the following finding, to wit, “The Appellate Divisions, and the majority of States to consider the issue, have recognized that a borrower may be estopped from interposing a usury defense when, through a special relationship with the lender, the borrower induces reliance on the legality of the transaction” (at 743, citing Abramovitz v Kew Realty Equities, 180 AD2d 568 [1992]; Schaaf v Borsher, 82 AD2d 880 [2d Dept 1981]). The Court went on to conclude that it endorsed such a rule; “[otherwise, a borrower could void the transaction, keep the principal, and ‘achieve a total windfall, at the expense of an innocent person, through his own subterfuge and inequitable deception’ ” (id., quoting Angelo v Brenner, 90 AD2d 131, 133 [1982]). Unfortunately, for the Seidel plaintiffs, the Court went on to note that their claim had to fail since the lender plaintiff had realized at least $312,000 of her initial outlay of $150,000 and “[a]n indispensable requisite of an estoppel in pais, is that the conduct or representation was intended to, and did, in fact, influence the other party to [her] injury” (id. [internal quotation marks omitted]). Such is not the case in this instance. Here the plaintiff has in fact suffered a detriment, namely, the loss of all but $5,000 of a $25,000 loan. In addition, this court finds that the agreement between the parties was in fact a usurious loan which would ordinarily be unlawful, void and unenforceable; however, inasmuch as the transaction was the brainchild of the defendant, equity dictates that the plaintiff is entitled to recovery of the outstanding balance of the amount advanced, with legal interest.
Wherefore, summary judgment (in lieu of complaint) is rendered in favor of the plaintiff against the defendant in the amount of $20,000, plus interest from April 11, 2002. Defendant’s cross motion to dismiss is denied.