In the Matter of JUDA CONSTRUCTION, LTD., et al., Respondents, v JOHN SPENCER, Appellant. [800 NYS2d 741]—

In a proceeding pursuant to CPLR article 78 to review a veto by the Mayor of the City of Yonkers, dated February 4, 2003, of a resolution of the City Council of the City of Yonkers, approving a special exception use permit that had been granted by the Zoning Board of Appeals of the City of Yonkers, the appeal is from a judgment of the Supreme Court, Westchester County (Barone, J.), entered April 11, 2003, which granted the petition, annulled the Mayor's veto, and directed that the resolution of the City Council of the City of Yonkers granting the special exception use permit be given full force and effect.

Ordered that the judgment is affirmed, with costs.

The petitioner's application for a special exception use permit to operate a rock crushing facility in an industrial zoning district was granted by the Zoning Board of Appeals of the City of Yonkers and approved by resolution of the City Council of the City of Yonkers (hereinafter the City Council), pursuant to Yonkers City Code § 43-73. The resolution was vetoed by the appellant Mayor of the City of Yonkers (hereinafter the Mayor). The petitioners commenced this proceeding pursuant to CPLR article 78 challenging the Mayor's action, claiming that the Mayor was without authority to veto a resolution approving a special exception use permit and that, if the Mayor did have such authority, its exercise in this instance was arbitrary and capricious. The Mayor disputed the petitioners' contentions and submitted that the exercise of the mayoral veto was beyond judicial review. The Supreme Court granted the petition, annulled the veto, and directed that the special exception use permit be given full force and effect. We affirm.

The Yonkers City Charter expressly provides that no act of the City Council, including a City Council resolution, is effective until it has received the written approval of the Mayor (*see* Yonkers City Charter, art 4, § C4-6 [B]). In establishing this mayoral veto power, the Charter expressly included "resolutions" within the class of acts that require mayoral approval. Accordingly, the special exception use permit in issue was not effective without the written approval of the Mayor.

Contrary to the arguments advanced by the Mayor, however, the exercise of the mayoral veto power with respect to a special

exception use permit is subject to review in a proceeding pursuant to CPLR article 78. Although there are circumstances in which the judiciary will decline to exercise its authority out of "deference to a coordinate, coequal branch of government" (*Matter of New York State Inspection, Sec. & Law Enforcement Empls., Dist. Council 82, AFSCME, AFL-CIO v Cuomo*, 64 NY2d 233, 239 [1984]), those considerations are not present here. The Mayor is not coequal to the state judiciary. Moreover, the exercise of the mayoral veto in issue here, effectively denying a special exception use permit, is a quintessentially administrative act that is subject to judicial review pursuant to CPLR article 78. A determination to grant or deny a special exception use permit is subject to review in a proceeding pursuant to CPLR article 78 even where that authority is exercised by the local legislative body (*see Matter of Sunrise Plaza Assoc. v Town Bd. of Town of Babylon*, 250 AD2d 690, 693 [1998]). The action of the City Council in approving a special exception use permit is thus subject to judicial review and has been reviewed as such (*see Matter of Exxon Corp. v Restiano*, 237 AD2d 356 [1997]; *Matter of Sarah Lawrence Coll. v City Council of City of Yonkers*, 48 AD2d 897 [1975]; *Carriage House Realty Co. v Municipal Corp. of City of Yonkers*, 80 Misc 2d 586 [1975]). Since the action of the legislative body itself is subject to judicial review, the Mayor cannot avoid judicial review of his veto simply by characterizing the veto as "legislative."

A use permitted by special exception use permit is a use that has been found by the local legislative body to be appropriate for the zoning district and "in harmony with the general zoning plan and will not adversely affect the neighborhood" (*Matter of North Shore Steak House v Board of Appeals of Inc. Vil. of Thomaston*, 30 NY2d 238, 243 [1972]). The permit must be granted if the application satisfies the criteria set forth in the zoning law (*see Matter of Pleasant Val. Home Constr. v Van Wagner*, 41 NY2d 1028, 1029 [1977]). Here, the Mayor's veto message established that he exercised his veto power not because, in his judgment, the standards for the issuance of the permit had not been met, but solely on the basis of the concerns expressed by the facility's neighbors that are without any basis in the record. This was arbitrary and capricious, and accordingly, the Supreme Court properly annulled the Mayor's action and directed that the City Council's approval of the permit be given full force and effect (*see Matter of Markowitz v Town Bd. of Town of Oyster Bay*, 200 AD2d 673, 675 [1994]).

The appellant's remaining contentions are without merit. H. Miller, J.P., Cozier, S. Miller and Spolzino, JJ., concur.