J-Bar Reinforcement, Inc. v Crest Hill Capital LLC (2019 NY Slip Op 01142)





J-Bar Reinforcement, Inc. v Crest Hill Capital LLC


2019 NY Slip Op 01142


Decided on February 14, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 14, 2019

Renwick, J.P., Manzanet-Daniels, Oing, Moulton, JJ.


650404/16 8395 650294/17 8394

[*1]J-Bar Reinforcement, Inc., Plaintiff-Respondent,
v
Crest Hill Capital LLC, Defendant-Appellant.
J-Bar Reinforcement, Inc., Plaintiff-Respondent,
v
Mantis Funding, LLC, Defendant-Appellant.


MCShapiro Law Group P.C., Great Neck (Mitchell C. Shapiro of counsel), and Carter Ledyard & Milburn LLP, New York (Jacob H. Nemon of counsel), for appellants.
Raymond J. Markovich, New York, for respondent.



Order, Supreme Court, New York County (Saliann Scarpulla, J.), entered October 5, 2017, which, to the extent appealed from as limited by the briefs, granted plaintiff's motion for summary judgment in lieu of a complaint against defendant Crest Hill Capital LLC for its default on a note, and denied Crest Hill's cross motion to, inter alia, dismiss the action, or for a stay of proceedings until the senior creditors had been paid, unanimously reversed, on the law, with costs, plaintiff's motion denied, and Crest Hill's cross motion granted to the extent of dismissing the action. The Clerk is directed to enter judgment accordingly. Order, same court and Justice, entered October 6, 2017, which, to the extent appealed from as limited by the briefs, granted plaintiff's motion for summary judgment in lieu of complaint, and denied defendant Mantis Funding LLC's cross motion to dismiss the action, unanimously reversed, on the law, with costs, plaintiff's motion denied, and defendant's cross motion granted. The Clerk is directed to enter judgment accordingly.
Plaintiff held a promissory note executed by the respective defendants. The note was executed at a time when defendants had other creditors, and thus plaintiff executed a Subordination Agreement whereby plaintiff's right to payment was subordinated to the senior creditors. Specifically, the Subordination Agreement provided that plaintiff "will not now or hereafter directly or indirectly (i) ask, demand, sue for, take or receive payment of all or any part of the Subordinated Indebtedness or any collateral therefor, and [defendants] will not be obligated to make any such payment, and the failure of [defendants] so to do shall not constitute a default by [defendants] in respect of the Subordinated Indebtedness."
Unlike subordination agreements that "merely order the priority of plaintiffs' rights as against other creditors and have no bearing on plaintiffs' rights against defendant" (Lipsky v Ajax Elec. Motor Corp., 225 AD2d 1055, 1056 [4th Dept 1996]; see Kornfeld v NRX Tech., 93 AD2d 772 [1st Dept 1983], affd 62 NY2d 686 [1984]; Imtrac Indus. v Glassexport Co., 1996 WL 39294, 1996 US Dist LEXIS 1022 [SD NY 1996]), the plain, unambiguous language of the subject Subordination Agreement limited plaintiff's right to demand or sue for payment, or declare a default prior to satisfaction of the senior debt. The commercial reasonableness of this agreement is irrelevant where there is no ambiguity (see Fundamental Long Term Care [*2]Holdings, LLC v Cammeby's Funding LLC, 20 NY3d 438, 445-446 [2013]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: FEBRUARY 14, 2019
CLERK