■ CENTRAL FUNDING COMPANY, Appellant, v THEODORE L. DEGLIN et al., Respondents, et al., Defendant. (Action No. 1.) THEODORE L. DEGLIN, Respondent, v CENTRAL FUNDING COMPANY, Appellant. (Action No. 2.)—In two actions, one by appellant to foreclose a mortgage and the other by respondent Theodore L. Deglin, *inter alia,* to enjoin the foreclosure, the appeals are from (1) an order of the Supreme Court, Suffolk County, dated June 28, 1978, which, *inter alia,* stayed the foreclosure sale and directed the parties to appear for a hearing on the issue of usury, and (2) a further order of the same court, dated July 20, 1978, which denied appellant's motions (a) to dismiss the injunction action and (b) to resettle a prior order of the same court consolidating the actions upon joinder of issue, without prejudice to renewal after final determination of the issue of usury by Mr. Justice Baisley. Orders reversed, on the law, with one bill of $50 costs and disbursements to cover both appeals, the injunction action is dismissed, and the foreclosure action is remitted to Special Term for further proceedings consistent herewith. On March 1, 1973 respondent Theodore L. Deglin borrowed $35,000 from the appellant and delivered the four-year corporate note of respondent Ted Deglin & Associates, Inc. (Deglin, Inc.) at an interest rate of 2% per month. Deglin personally guaranteed the note and, as security, gave appellant a second mortgage on his home in Quogue, Long Island. Deglin's corporation and Deglin defaulted under the note, guarantee and mortgage and appellant commenced a foreclosure action. Respondents failed to answer but, on February 3, 1975, entered into a stipulation with appellant by which, *inter alia,* Deglin and Deglin, Inc. "admit[ted] the allegations of the complaint and agree[d] that there is presently due and owing to the plaintiff [appellant herein] the sum of $35,000.00, together with interest thereon at two (2%) percent per month from June 1, 1974, without defense, offset or counterclaim thereto." In the event of default under the stipulated terms of repayment of the loan and interest, there was to be an acceleration of payment and appellant was to "proceed to judgment of foreclosure in accordance with the allegations of the complaint". On March 10, 1977 respondents defaulted under the terms of the stipulation. On March 17, 1978 Deglin instituted an action, *inter alia,* to enjoin foreclosure, in which he sought a judgment declaring the stipulation, guarantee and mortgage void for usury. By order to show cause returnable March 23, 1978, Deglin moved for a preliminary injunction to enjoin the foreclosure. Meanwhile, in the foreclosure action, on March 28, 1978 a referee to compute (appointed ex parte under the terms of the stipulation) reported that Deglin owed appellant the sum of $48,644 with interest from March 24, 1978. Relying on a waiver of service in the stipulation, appellant moved ex parte in the foreclosure action for a judgment of foreclosure, which was signed by Mr. Justice Baisley and entered on April 10, 1978. On April 12, 1978

Deglin's motion for a preliminary injunction was denied by Mr. Justice Bracken, who also ordered consolidation "After issue is joined in this action and the mortgage foreclosure action by Central Funding Company". On April 19, 1978 Deglin moved to vacate the judgment of foreclosure and to enjoin appellant from foreclosing. Mr. Justice Baisley granted the motion to the sole extent that appellant was temporarily stayed from holding a foreclosure sale and the parties were ordered to appear at a hearing "to determine whether any of the agreements hereto were usurious." Appellant then moved to dismiss the injunction action on the grounds of the "pending" foreclosure action and collateral estoppel. Appellant further moved to resettle the order of consolidation to accommodate the requested dismissal of the injunction action. Both motions were denied by Mr. Justice Bracken, without prejudice to renewal upon final determination of the question of usury. The instant appeals ensued. In our opinion, the stipulation in which respondents admitted their debt, "without defense, offset or counterclaim thereto", and the default judgment entered thereon, completely barred assertion of the defense of usury. Respondents could, and did, agree to waive their right to raise the defense of usury in the event of default under the stipulation (see *Mann v Simpson & Co.*, 286 NY 450, 459). Since respondents concededly did default, the entry of judgment against them in the foreclosure action was proper and nothing remained to be resolved between the parties at a further hearing. Similarly, as the injunction action by Deglin raised no new substantive issues, it should have been dismissed on the ground of *res judicata*. We have considered the parties' remaining contentions; insofar as they are necessary for a determination of this appeal we find them to be without merit. Mollen, P. J., Hopkins, Shapiro and Martuscello, JJ., concur.