■ CENTRAL FUNDING COMPANY, Respondent-Appellant, v THEODORE L. DEGLIN, Appellant-Respondent, et al., Defendants. — In a mortgage foreclosure action, defendant Theodore L. Deglin appeals from so much of an order of the Supreme Court, Suffolk County, dated June 27, 1980, as denied his motion, *inter alia,* to vacate a default judgment of foreclosure entered on April 4, 1978 against premises owned by him. Plaintiff Central Funding Company cross-appeals from so much of a memorandum decision of the same court, also dated June 27, 1980 (deemed incorporated in the order) as stated that defendant Deglin was entitled to satisfaction pieces for both the mortgage upon which the instant action was brought and the judgment of April 4, 1978. Order modified, on the law, by adding a provision that Central Funding Company is to deliver satisfaction pieces to Theodore L. Deglin in accordance with Special Term's memorandum decision dated June 27, 1980. As so modified, order affirmed insofar as appealed from, without costs or disbursements. Central Funding shall deliver the satisfaction pieces within 20 days after service upon it of a copy of the order to be made

hereon, with notice of entry. Special Term's determination that Central Funding was to deliver satisfaction pieces to Theodore Deglin because Deglin had paid Central Funding the full amount allegedly due it was recited in its memorandum decision, but not in its order. We consider this omission merely a matter of form. Consequently, in determining this appeal, the court's order should be accorded the effect patently intended (see *Halloran v Virginia Chems.*, 41 NY2d 386; *Matter of Perry v Zarcone*, 77 AD2d 881; *Hospital Serv. Plan of N.J. v Warehouse Prod. & Sales Employees Union*, 76 AD2d 882). We have considered defendant Deglin's other contentions and find them to be without merit (see *Central Funding Co. v Deglin*, 67 AD2d 673). Titone, J.P., Gulotta, Cohalan and O'Connor, JJ., concur.