*48 OPINION OF THE COURT
Memorandum.
Ordered that the order is affirmed, without costs.
In 1992, Jon David Sherry created the Sherry Family Trust (the Trust). Sherry was its sole trustee. In 2001, the Trust borrowed $25,000 from plaintiff. Sherry, acting as trustee of the Trust, signed a promissory note to plaintiff, which Sherry also signed in his individual capacity as guarantor. As further security for payment of the note, Sherry, acting as trustee of the Trust, conditionally assigned to plaintiff and to one Tovah Rosen, who had also loaned money to the Trust, the Trust’s interest in a promissory note that the Trust held from Peter McKenzie and Sherrel Farnsworth (the McKenzie/Farnsworth note). At the time of Sherry’s death in 2002, the Trust’s debt to plaintiff had not been paid. Defendant Milta Torres was appointed to serve both as executrix of Sherry’s estate and as successor trustee of the Trust, following which, in 2004, plaintiff commenced this action, alleging breach of contract.
Defendant’s initial answer alleged a number of affirmative defenses and counterclaims. Discovery followed, including an examination before trial of plaintiff and the production of documents. In February 2009, defendant moved for leave to amend the answer to assert the defense of usury, and, upon the granting of leave, for summary judgment dismissing the complaint on the ground that the underlying promissory note, which set forth an annualized rate of interest of 24%, was usurious and void, and on the further ground that Sherry had lacked actual or apparent authority to borrow the funds in issue on behalf of the Trust. The Civil Court denied defendant’s motion in its entirety.
The determination of a motion for leave to amend a pleading is generally entrusted to the broad discretion of the trial court, the exercise of which will not lightly be disturbed (see Ingrami v Rovner, 45 AD3d 806, 808 [2007]). The statute dictates that “ [Reave shall be freely given upon such terms as may be just” (CPLR 3025 [b]). Nevertheless, a motion for leave to amend should be denied where it is clear and free from doubt that a proposed amendment is “palpably insufficient or patently devoid of merit” (Lucido v Mancuso, 49 AD3d 220, 226-227 [2008]).
Our review of the record discloses that in the note, Sherry, as maker of the note, waived “the right to interpose any defense (other than payment), counterclaim or set-off in any action brought by the HOLDER of this Note to enforce HOLDER’S *49 rights under this Note.” A broadly worded general waiver provision in a note is effective to bar the assertion of defenses on the note (see e.g. Citibank v Plapinger, 66 NY2d 90 [1985]), except where precluded by considerations of public policy (see e.g. Red Tulip, LLC v Neiva, 44 AD3d 204, 209-210 [2007]). The longstanding rule in New York is that civil usury is a waivable defense (see Billington v Wagoner, 33 NY 31, 33-34 [1865]; see also Hammelburger v Foursome Inn Corp., 76 AD2d 646 [1980], mod and affd on other grounds, 54 NY2d 580 [1981]; Howard v Kirkpatrick, 263 App Div 776 [1941]), and where the defense of usury has been waived, defendants have thereafter been precluded from raising it as a defense (see Le Vine v Flynn, 231 AD2d 555 [1996]; see also Central Funding Co. v Deglin, 67 AD2d 673, 674 [1979], affd 48 NY2d 964 [1979]).
As the contents of the note were undisputed, it is clear and free from doubt that usury could not be asserted as a defense to the complaint. Since the proposed amendment to the complaint was thus “palpably devoid of merit,” we find no basis to disturb so much of the Civil Court’s order as denied the branch of defendant’s motion seeking leave to amend the answer. Under the circumstances, the Civil Court also properly denied the branch of defendant’s motion seeking summary judgment dismissing the complaint on the basis that the interest rate was usurious.
Defendant sought summary judgment dismissing the complaint on the additional ground that because the loan in issue was not permitted under the terms of the Trust, Sherry had lacked actual or apparent authority with respect to the loan, and that the debt was void under EPTL 7-2.4. We note that by this argument, defendant could only seek the dismissal of the complaint against defendant as trustee of the Trust, and not against defendant as executrix of Sherry’s estate. In any event, as the Civil Court correctly concluded, defendant’s submissions did not demonstrate as a matter of law that Sherry lacked actual or apparent authority to bind the Trust to the note.
. While we affirm the Civil Court’s order, we note that even if defendant had been permitted to interpose the defense of usury, we would nevertheless have sustained so much of the Civil Court’s order as denied the branch of defendant’s motion seeking summary judgment premised on that defense. The promissory note required payment of interest at the rate of two percent per month, for an effective rate of 24% per annum (see Matter of West Bushwick Urban Renewal Area Phase 2, 50 AD3d 695, 696 [2008] [affirming determination that in the absence of a provi *50 sion authorizing the recovery of compound interest, only simple interest is recoverable]), which rate is prohibited by New York’s civil usury laws (see Banking Law § 14-a; General Obligations Law § 5-511). Defendant properly used an attorney’s affirmation to bring documentary evidence before the Civil Court in its motion for summary judgment (see Gaeta v New York News, 62 NY2d 340, 350 [1984]; Zuckerman v City of New York, 49 NY2d 557, 563 [1980]; Ellman v Village of Rhinebeck, 41 AD3d 635, 636 [2007]). Had it been permitted to interpose the defense of usury, defendant would have established a prima facie case of its entitlement to judgment as a matter of law, since in general, usurious loans are considered void ah initio (see General Obligations Law § 5-511; Szerdahelyi v Harris, 67 NY2d 42, 49 [1986]). The burden would then have shifted to plaintiff to demonstrate the existence of a factual issue requiring a trial of the action or to tender an acceptable excuse for her failure to do so (Zuckerman v City of New York, 49 NY2d at 560).
In opposition to defendant’s motion, plaintiff submitted her attorney’s affirmation, which, used as the vehicle for the submission of her deposition transcript, constituted a sufficient evidentiary method for countering defendant’s motion (see Olan v Farrell Lines, 64 NY2d 1092, 1093 [1985]; Odi v Lifetouch, Inc., 35 AD3d 420, 421 [2006]). In her deposition, plaintiff testified that Sherry had been an attorney, that prior to the date of the loan in issue, Sherry had represented her in other, unrelated, matters, that he had expressed to her his “desperate” need to obtain the loan in issue quickly, that he had proposed all the terms of the loan, and that, on a Sunday, he had bicycled to her house and presented her with the note, which he had already prepared and signed out of her presence. Plaintiff testified that, at the same time, Sherry had also given her a copy of the McKenzie/Farnsworth note, and that, while seated in plaintiffs kitchen, Sherry had written by hand a conditional assignment of the McKenzie/Farnsworth note to “Rochelle Feldman as trustee for Rochelle Feldman and Tova a/k/a Tovah Rosen as security for the payment of notes to Rochelle Feldman and Tova Rosen.” Plaintiff further stated that, after receiving her check, Sherry had bicycled to Rosen’s house to obtain additional funds from her.
Although a usurious loan is, in general, void (see General Obligations Law § 5-511), strict application of the usury laws may be avoided under the doctrine of estoppel in pais, or equitable estoppel, where the parties are in a special relationship, *51 where the borrower proposes the interest rate and drafts the loan documents, and where the borrower’s conduct was intended to, and did, influence the lender to her injury (see Seidel v 18 E. 17th St. Owners, 79 NY2d 735, 742-743 [1992]). Addressing a similar situation, the Appellate Division, Third Department, concluded that a defendant was not entitled to summary judgment, commenting:
“[I]f plaintiffs averments are true, voiding the loan here would permit defendant to achieve a total windfall, at the expense of an innocent person, through [defendant’s] own subterfuge and inequitable deception, a result which does not appear to be required in order to fulfill the public policy and purposes of the usury laws . . . Under similar circumstances, it has been held that an estoppel in pais may apply to prevent a borrower from successfully avoiding his debt obligation through a usury defense . . . Consequently, since plaintiff’s averments set forth facts upon which such an estoppel may be applied, a triable issue of fact exists requiring a trial” (Angelo v Brenner, 90 AD2d 131, 132-133 [1982]; see also Russo v Carey, 271 AD2d 889 [2000]; Abramovitz v Kew Realty Equities, 180 AD2d 568 [1992]; Keezing v Rodriguez, 196 Mise 2d 408, 411 [Sup Ct, Kings County 2003]).
If the defense of usury had not been waived in the promissory note, and had the answer been amended to interpose this defense, a triable issue of fact would have existed, based on plaintiffs averments, as to whether an estoppel could be applied to prevent strict application of New York’s usury laws, thereby, in any event, warranting the denial of defendant’s motion for summary judgment.
In view of the foregoing, the order is affirmed.
Pesce, EJ., Weston and Steinhardt, JJ., concur.