Gemma Springer, Respondent,
against
Patrice James, Appellant.



Appeal from an order of the Civil Court of the City of New York, Kings County (Steven Z. Mostofsky, J.), entered May 18, 2015. The order denied defendant's motion to vacate a stipulation of settlement and, in effect, the judgment entered pursuant thereto.




ORDERED that the order is affirmed, without costs.
In this action to recover the principal sum of $14,500 on a dishonored check, the parties entered into a so-ordered stipulation of settlement pursuant to which defendant agreed to pay plaintiff the sum of $7,500, or, upon her default, judgment could be entered for the full $14,500 amount of the claim. After defaulting and the entry of a judgment for the full amount sued for, defendant moved to vacate the stipulation of settlement and, in effect, the judgment entered pursuant thereto. In support of the motion, defendant asserted the defense of usury, which had been raised in the answer, but failed to offer any specific facts in support thereof or grounds for vacating the stipulation of settlement. The Civil Court denied the motion.
It is well settled that stipulations of settlement are judicially favored and will not be set aside absent proof that the settlement was obtained by fraud, collusion, mistake, accident or other ground sufficient to invalidate a contract (see Hallock v State of New York, 64 NY2d 224 [1984]; Matter of Frutiger, 29 NY2d 143 [1971]; Cach, LLC v Woodsnajac, 42 Misc 3d 129[A], 2013 NY Slip Op 52165[U], *1 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2013]). Here, defendant's moving papers merely raised defenses but failed to offer any factual basis for why the stipulation should be vacated. In any event, by knowingly entering into the stipulation of settlement, defendant waived the defense of usury (see Feldman v Torres, 34 Misc 3d 47 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2011]).
Accordingly, the order is affirmed. 
Weston, J.P., Aliotta and Elliot, JJ., concur.
Decision Date: February 08, 2017